FILED
2013 Feb-12  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

CRIMINAL APPEALS NO: CR 08-1636

DURRELL BESTER,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE TENTH JUDICIAL CIRCUIT
-JEFFERSON COUNTY CIRCUIT COURT-
HONORABLE CLYDE JONES CIRCUIT JUDGE
(CC 08-3771, CC 08-3772)

## BRIEF AND ARGUMENT OF APPELLANT

Martin Weinberg
Attorney for the Appellant
Po Box 154
Shannon, AL. 35142
(205) 785-5575

## TABLE OF AUTHORITIES

PAGE NO.

Ballenger v. State,
    720 So. 2d 1033 (Ala. Cr. App. 1988)    8

Barr v. State,
    (2008 AL 909.008 Court of Criminal Appeals)    9

Ex Parte Ingram,
    675 So.2d 863 (Ala.1996)    9

Ex Parte J.C.
    882 So. 2d. 277 (Ala. 2003)    5

Ex Parte Story,,
    435 So. 2d. 1365 (Ala. 1983)    5

Grubbs v. State
    462 So. 2d 995 (Ala Crim App. 1984)    10

In Re Fitkins,
    781 So. 2d. 182 (S.Ct. 2000)    10

Moss v. State,
    834 So. 2d. 135 (Ala. Cr. App. 2002)    8

Perry v. State,
    534 So. 2d. 1125    5

State v. C M . ,
    746 So. 2d. 410 (Ala. Cr. App. 1999)    8

Strickland v. Washington,

    466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) 12

Wright v. State, ]
    709 So.2d 1318 (1997)    9

Young V. State,
    706 So. 2d. 865 (Ala. Cr. App. 1997)    8

## STATEMENT REGARDING ORAL ARGUMENT

Bester believes that oral argument is needed to explain the issues on argument.  In this case, the claim of ineffective assistance of counsel including certain aspects of this argument that occurred at trial could only be explained during an oral argument in a question and answer format.

## TABLE OF CONTENTS

|  | PAGE NO. |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITY | ii |
| STATEMENT REGARDING ORAL APPEAL | iii |
| STATEMENT OF CASE | 1 |
| STATEMENT OF ISSUES | 2 |
| STATEMENT OF FACTS | 3 |
| SUMMARY OF THE ARGUMENT | 5 |
| STANDARD OF REVIEW | 8 |
| ARGUMENT | |
| I. | 10 |
| II. | 12 |
| III. | |
| CONCLUSION | 16 |
| CERTIFICATE OF SERVICE | 17 |

i

## STATEMENT OF THE CASE

Bester was originally arrested on March 24, 2009 and charged with trafficking cocaine, failure to affix stamp. He was indicted on October 10, 2008. The case was set for a pretrial hearing on February 17, 2009. Bester entered a plea of not guilty and waived the formal reading of his arraignment on February 17, 2009.

His case was called for a jury trial on April 6, 2009. A jury was struck and on April 8, 2009 a verdict of guilty returned on count 1 – guilty of trafficking in cocaine, count 2 on guilty of failure to affix tax stamp and count 3 of possession of drug paraphernalia. On May 26, 2009 Bester was sentenced to life without parole.

A motion for a new trial was filed by trial counsel Mr. William Benson on June 25, 20009. A notice of appearance was filed by Attorney Martin Weinberg for appeal on July 6, 2009. Attorney William Benson filed a motion to withdraw as defense counsel on August 10th, 2009. The trial court chose not to rule on the motion for a new trial and therefore the motion expired by default. Written notice of appeal was filed on July 8, 2009. Hence his appeal to this court.

1

## ISSUES PRESENTED FOR REVIEW

I.

WHETHER THE COURT ERRED IN FAILING TO GRANT BESTER'S MOTION
TO ACQUIT WHERE THERE WAS NOT SUFFICIENT EVIDENCE TO SHOW
HE HAD POSSESSION OF THE CONTROLLED SUBSTANCE CHARGED IN
THE INDICTMENT

II.

WHETHER THE TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE
TO BESTER WHEN HE MADE A ORAL MOTION TO SUPPRESS BUT FAILED
TO RENEW THE MOTION AT THE CONCLUSION OF THE TRIAL WHEN
TESTIMONY INDICATED THAT SEARCH MAY HAVE BEEN INVALID AS
WELL AS FAILING TO COMMUNICATE PROPERLY WITH THE DEFENDANT
PRIOR TO TRIAL

III.

WHETHER THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT
TO LIFE WITHOUT PAROLE WHEN THE TESTIMONY FAILED TO PROVE
THAT THE DEFENDANT WAS A VIOLENT OFFENDER

## STATEMENT OF THE FACTS

On March 24, 2008 the Defendant was arrested for unlawful possession of drug paraphernalia. (R1- 76) Later the arresting officer added a charge of trafficking cocaine. This arrest was based on a search warrant for the resident of the Defendant. The items in question, a bag with 75 grams, a set of digital scales and other items considered to be paraphernalia were found at the resident of the mother of the Defendant. The officer obtained a search warrant for the the alleged residence of Bester. The State of Alabama called Deputy Mark Eaton who obtained a search warrant for 1368 5th Place, what he believed to be the residence of Bester. (R2-94)). Deputy Eaton along with Deputy Washington and Sergeant French had surveillance on the residence. Prior to executing the search warrant the observed a truck at 1100 Center Point Road and followed it to the apartment at Twin Gates Apartment Complex which was not the address listed on the search warrant. (R1-51). Officer Eaton observed Mr. Bester and a white male get out of the pickup truck and enter Apartment E at this Apartment Complex (R1-51). The deputies testified that they observed Bester and his companion carrying a white bag into the apartment complex (R1-52).

3

Deputy Eaton testified that he called for a patrol unit to make a traffic stop on Bester (R-54). Once that the car was stopped, A K-9 drug dog indicated that drug paraphernalia were in the vehicle in a suitcase. (R-2 (65-66). The black box in the suitcase with these contents were placed by Deputy Eaton. (R-67). These contents included an ash tray, pill splitter, syringes, brillo pad and push rod (R-2 68). Bester was placed under arrest for possession of drug paraphernalia after the luggage was searched.

The Deputies proceeded to the house of Bester's mother and asked if they could search her house. She signed a consent form. (R-2 109-111) No surveillance of her home had been taking place. (R-2 -130).

The officer obtained consent to search the house of Dorothy Bester. A signed statement of consent was obtained (R1-122) and entered as State's Exhibit 5.  The Defendant was determined to be in constructive possession of the bag of which cocaine was found at this residence.

4

## SUMMARY OF THE ARGUMENT

Bester contends that the trial court erred when it
failed to grant his motion for judgment of acquittal based
upon the State's failure to prove he had constructive
possession of the cocaine charged in the indictment. The
State must prove three separate elements in order to
justify a constructive possession case. It must prove that
Bester had actual or physical control, intended to exercise
dominion over the the cocain and exhibited some intent to
exercise that control. <u>Ex Parte Story,</u>, 435 So. 2d. 1365
(ALa. 1983). There was no evidence presented that Bester
actually possessed the drugs on his person. All ownership
was inferred through suitcases that could have reasonably
been in the control or ownership of others. Presence in a
vehicle where an illegal substance is found will not
support a conviction for possession. <u>Perry v. State,</u> 534
So. 2d. 1125. It is clear that there was not sufficient
evidence presented by the State to justify finding Bester
in constructive possession of the cocaine for which he was
convicted of trafficking.

Additionally, the trial court erred when it failed to
5rule on a motion to suppress the evidence. This was not
only an example of ineffective assistance of counsel but
also plain error by the Judge. There were questions, even

asked by the Judge, as to the specificity of the search
warrant. Failing to rule on a motion to suppress is a fatal
error and the case should be remanded for this portion of
the trial. If the motion to suppress were granted the
entire basis for the Prosecutions constructive possession
case would be in question.

The court also failed to rule on the Defendant's
motion that the was receiving ineffective assistance of
counsel at trial. Bester argued during the day of trial
that he believe his attorney was not acting in his best
interest and asked for allowances to hire a different
attorney (R1 - 16). Foremost, the Defense attorney failed
to file a written motion to suppress evidence. He also
failed properly investigate how many felonies that the
Defendant had prior to the day of trial. This constituted
plain error and Bester was prejudiced by this behavior.
The Judge never ruled on the motion to Suppress (R-20). He
explained that it would need to be renewed at the end of
the trial. Failing to make this motion constituted
ineffective assistance of counsel and failing to rule on it
constituted plain error by the trial court Judge.

If the Court upholds this conviction, the Defendant
believes that errors made at sentencing were not harmless

6

and therefore sentencing should also be examined for

fairness

## STANDARD OF REVIEW

In determining the sufficiency of evidence to sustain a
conviction, a reviewing court must accept as true all
evidence introduced by the state, accord the State all
legitimate inferences therefrom and consider all evidence
in a light most favorable to the prosecution.
Ballenger v. State, 720 So. 2d. 1033 (Ala. Cr. App. 1998).
Where circumstantial evidence is used to support a
conviction, the reviewing court must determine whether the
jury might reasonably find that the evidence excluded every
reasonable hypothesis except that of guilt, not whether
such evidence excludes every reasonable hypothesis but
guilt. Moss v. State, 834 So. 2d. 135 (Ala. Cr. App. 2002).
In determining whether there was sufficient evidence to
necessitate a jury instruction the issue is whether
evidence was sufficient to necessitate an instruction thus
allowing the jury to consider the evidence in a light most
favorable to the accused. Young V. State, 706 So. 2d. 865
(Ala. Cr. App. 1997). As to any questions of law, the
standard is a de novo review. State v. C M . , 746 So. 2d.
410 (Ala. Cr. App. 1999).

Generally a claim of ineffective assistance of counsel must proceed first in a motion for a new trial. "A defendant seeking a new trial based on a claim of ineffective assistance of counsel should raise this issue in a timely motion for a new trial. See Rule 24.1, Ala. R.Crim. P.; Ex Parte Ingram, 675 So.2d 863 (Ala.1996) However, in this particular instance the trial counsel filed the motion for a new trial. The new attorney of record could not proceed on the merits of this claim until reviewing the complete transcript and record of the file.

In determining whether or not to remand for new sentencing the court must determine as to whether errors were harmless. Barr v. State, (2008 AL 909.008 Court of Criminal Appeals). The Court of Criminal Appeals should overturn the setnence when their is clear abuse by the trial court. Wright v. State, 709 So.2d 1318 (1997).

## ARGUMENT

### I.

Bester was not the owner of the house where the drugs were found. He possibly along with other people had access to the residence at which the drugs were found. Bester was not the sole occupant of the vehicle where the paraphernalia was found. Testimony at court by Dorthy Bester indicated several people could have had access to where the drugs were found. Durrell Bester did not have exclusive possession to the room in the house where the drugs were found. All of the evidence discussed simply amount to circumstantial evidence relying on constructive possession.

This court has specifically stated that simply being suscpicious is not enough to prove constructive possession. Ex Parte J.C., 882 So. 2d. 277 (Ala. 2003). Non-exclusive possession may raise a suspicion, but simply not enough to prove control. The State in a constructive possession case must prove three distintive elements: actual or physical control; intention to exercise dominion and manifestations of intent and control. In Re Fitkins, 781 So. 2d. 182 (S.Ct. 2000). To determine these elements the court must take into consideration several circumstances. Grubbs v. State, 462 So. 2d 995 (Ala Crim App. 1984). In this case

evidence was presented that would not exclude other

possible possessors. Dorothy Bester testfied that her niece

and nieces boyfriend lived at the residence where the drugs

were found and that they visitors (R2 192). The State

failed to sufficiently prove each of these elements

sufficiently and therefore erred to grant Bester's motion

for judgment of acquital on the trafficking count charged

in the indictment.

## ARGUMENT

### II.

To prevail on a claim of ineffective assistance of counsel the petitioner must satisfy the test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must show: (1) that counsel's performance was deficient, and (2) that he was prejudiced as a result of the deficient performance.

Mr. Benson, the trial counsel, was deficient in several areas. His most serious mistake was failing to file a motion to suppress prior to the date of the trial. The Defendant raised his doubts as to the effectiveness of his counsel the date the trial commenced (R1 16). The Judge erred in failing to further venire the Defendant's objection to his counsel. A further venire would have uncovered the actual lack of preparation and communication with the Defendant in this case.

Futhermore a suppression hearing would have dictated that the exclusionary rule apply and that these elements were simply proven. He clearly had prior knowledge of the issues with proper consent simply once  reading the police reports provided by the State. The search warrant listed

the incorrect address which should be classified as more than a procedural error in this particular instance. While Mr. Benson did make a motion to suppress he did so at trial at the same time that the Defendant made an oral motion for new trial counsel to be appointed. Had the motion to suppress been filed in a more timely manner it would be considered valid based on its merits. Allowing the jury to hear evidence that would have been excludable under the poisonous fruit doctrine clearly should be considered most prejudicial. Therefore, this case should be remanded to the trial court and the motion should be heard. Failing to file this motion prejudiced Bester as excludable evidence at the crux of the trial was presented to the jury. The Defense put on Dorothy Bester as a witness after all of the evidence by the State had been presented. Waiting to address the issues surrounding consent of the search was not a tactical error, but instead a major example of incompetence.   Testimony of Dorothy Bester proves that she suffers from a series of medical conditions. Furthermore the court made a serious error in failing to allow answers to her medical condition (R 188). While the trial counsel attempted to bring this up, a timely hearing on a suppression motion would have only been able to explain all

13

of the evidence related to medical conditions and the warrant.

Furthermore, elicited testimony at trial eluded to the fact that a white male was present with Mr. Bester when he was in the truck on the date of the arrest (R1 97). The trial counsel failed to explore this relationship as well as any other evidence that others could have been in exclusive control of the drugs in question.

## ARGUMENT

### III.

The trial court sentenced Bester to life without parole on the basis of a trafficking charge. The trial court has the discretion of whether the Defendant should receive life with the possibility of parole or life without the possibility of parole.While the law allows for the Defendant to be sentence to life without parole in this instance, the intent is to punish violent offenders. While the state provides evidence of prior violent offenses, these particular offenses were not violent in nature(R Sentencing 4).

The prior offense were several years before this conviction and the testimony at trial should not be construed to show that the Defendant is a violent person. In the sentencing the Judge takes into account his belief that the Defendant had been involved in previous drug activity (R Setnencing 19). Evidence of prior drug arrests or illegal activity were not part of the record.

If the court upholds the convictions on the other issues, the Defendant asks that this court should remand the sentencing back to the trial court. Errors in this case were not harmless.

15

## CONCLUSION

Bester contends the trial court erred in failing to rule on his motion to suppress the search which was based on faulty consent. Furthermore, Bester contends that he was denied effective assistance of counsel. The jury was not adequately informed and the results likely would have been different had the evidence been excluded at trial. Should this Court find that the trial court erred if failing to rule on the motion to suppress then the conviction should be reversed and remanded for a new trial.

Furthermore, Bester contends that the court erred in sentencing him to life without parole in light of the vast evidence presented at the sentencing hearing. This court should reverse the sentence and remand for new sentencing based on the totality of the evidence presented.

Respectfully submitted,

/s/Martin Weinberg
Martin Weinberg
Attorney for Appellant
Po Box 154
Shannon, AL. 35142
205 785 -5575

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the State of Alabama by mailing a copy of the same to the Honorable Troy King, Attorney General of the State of Alabama at his address of Alabama State House, 500 Dexter Avenue Montgomery, ALabama 36130, first class mail, postage prepaid and properly addressed, this the 18th Day of June, 2010.

Respectfully submitted,

/s/Martin Weinberg

Martin Weinberg
Attorney fo the Appellant
Po Box 154
Shannon, AL. 35142
205-785-5575