FILED
2013 Feb-12 AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

No. 08-1636

*In the COURT of CRIMINAL APPEALS*
*of ALABAMA*

DURRELL BESTER,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal From the Circuit Court*
*of Jefferson County*
*(CC-08-3771, CC-08-3772)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin D. Scales
*Assistant Attorney General*
Counsel of Record

State of Alabama
Office of the Attorney General
500 Dexter Avenue
Montgomery, Alabama 36130
Phone: (334) 242-4275
Fax: (334-242-2848
Email: rscales@ago.state.al.us

## STATEMENT REGARDING ORAL ARGUMENT

Because "[t]he facts and legal arguments are adequately presented in the briefs and record," the State does not request oral argument in this case.  Ala. R. App. P. 34(a)(3).

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ......................... i

TABLE OF CONTENTS ........................................ ii

TABLE OF AUTHORITIES .................................... iii

STATEMENT OF THE CASE ..................................... 1

ISSUES PRESENTED FOR REVIEW .............................. 3

STATEMENT OF THE FACTS ................................... 4

STANDARDS OF REVIEW ...................................... 8

SUMMARY OF THE ARGUMENT ................................. 10

ARGUMENT ............................................... 12

I.    The Trial Court Properly Denied Bester's Motion
      For Judgment Of Acquittal Because The State Proved
      A Prima Facie Case Of Trafficking Cocaine. ........ 12

II.   Bester's Argument That His Counsel Failed To Provide
      Effective Assistance Should Not Be Considered By
      This Court Because It Does Not Comply With Ala. R.
      App. P. 28(a)(10) Nor Was It Properly Preserved in
      the Trial Court ................................... 16

III.  Bester's Contention That The Trial Court Erred By
      Sentencing Him To Life Without Parole For Trafficking
      Cocaine Because It Was Not Established That He Was
      A Violent Offender Should Not Be Considered By
      This Court Because It Does Not Comply With Ala. R.
      App. P. 28(a)(10) Nor Was It Preserved In The Trial
      Court. ............................................ 19

CONCLUSION ............................................. 22

CERTIFICATE OF SERVICE ................................. 23

## TABLE OF AUTHORITIES

**Cases**

Clay v. State, 687 So. 2d 1245 (Ala. Crim. App. 1996) ........................................ 12, 18

Ex parte Frazier, 758 So. 2d 611 (Ala. 1999) ............. 19

Glass v. State, 14 So. 3d 188 (Ala. Crim. App. 2008) ..... 21

Harris v. State, 826 So. 2d 897 (Ala. Crim. App. 2000) ... 13

Jennings v. State, 965 So. 2d 1112 (Ala. Crim. App. 2006) ............................................. 17

Jones v. State, 665 So. 2d 982 (Ala. Crim. App. 1995) .... 14

L.J.K. v. State, 942 So. 2d 854 (Ala. Crim. App. 2005) ... 17

McNabb v. State, 991 So. 2d 313 (Ala. Crim. App. 2007) ... 17

Shouldis v. State, 953 So. 2d 1275 (Ala. Crim. App. 2006) ............................................. 18

State v. Cortner, 893 So. 2d 1264 (Ala. Crim. App. 2004) ............................................. 19

State v. Grantland, 709 So. 2d 1310 (Ala. Crim. App. 1997) ............................................. 12

Strickland v. Washington, 466 U.S. 668 (1984) ............ 17

Young v. State, 283 Ala. 676, 220 So.2d 843 (1969) ....... 12

**Statutes**

Code of Alabama (1975)

§13A-12-231(2) ..................................... 13

§20-2-25(1) ....................................... 13

**Rules**

Alabama Rules of Appellate Procedure

28(a)(1) ................................................. 20

28(a)(10) .................................... 16, 17, 20, 21

## STATEMENT OF THE CASE

This is an appeal from judgments of conviction entered by the Jefferson County Circuit Court, Judge Clyde E. Jones presiding, for trafficking cocaine and failure to affix a drug tax stamp. The appellant, Durrell Bester, was sentenced by the court to life without parole and twelve months in the county jail, respectively, for his crimes.

During its October 2008 Session, the Jefferson County Grand Jury returned a two count indictment charging Bester with trafficking cocaine in violation of Section 13A-12-231 of the Code of Alabama, and failure to affix a tax stamp in violation of Section 40-17A-4 of the Code of Alabama.  (C. 34-35)  Bester was appointed counsel by the district Court, on March 28, 2008, and this representation continued in the circuit court.  (C. 38, 61)  On February 17, 2009, Bester filed a "Plea of Not Guilty and Waiver of Arraignment" for all charges.  (C.96)

The State gave notice of its intent to seek sentence enhancement under the Habitual Felony Offender Act, based on Bester's four prior felony convictions, on February 26, 2009.  (C. 80)  Also on February 26, 2009, the State filed

1

"Notice of Intent to Offer Proof By Certificate of
Analysis."  (C. 81)

On April 6, 2009, Bester's jury trial began.  At the
close of the State's case-in-chief, Bester moved for
judgment of acquittal, arguing that the State failed to
prove actual or constructive possession of the illegal
drugs.  (R. 184)  Bester renewed the motion at the
conclusion of defense's evidence (R. 204) and after the
State presented testimony from two additional witnesses on
rebuttal.  The court denied all three motions.  (R. 184,
204, 216)  On April 8, 2009, the jury returned guilty
verdicts to both charges.  (C. 11, 29)

The court imposed the sentences on May 26, 2009, and
also ordered Bester to pay the following for trafficking
cocaine: a $500 fine, a $50 victim compensation assessment,
a $1000 assessment pursuant to the Drug Demand Reduction
Act assessment, and $100 to the Alabama Department of
Forensic Sciences Trust Fund.  For his possession of drug
paraphernalia conviction, the court ordered Bester to pay a
$500 fine and a $250 victim compensation assessment.  At
this time, Bester made application for probation in each
case.  (C. 12, 23)  Bester filed a motion for new trial

2

that was denied by the court. (C. 97-99) On July 6, 2009, Bester's retained counsel filed notice of appearance. (C. 91) Bester filed notice of appeal on July 8, 2009. (C. 28) On August 11, 2009, Bester's trial counsel filed a motion to withdraw. (92-93)

## ISSUES PRESENTED FOR REVIEW

1. Did the trial court properly deny the motion for judgment of acquittal where the State presented sufficient evidence from which a jury could find Bester guilty beyond a reasonable doubt of trafficking cocaine?

2. Should Bester's argument that his counsel rendered ineffective assistance be considered by this Court when it does not comply with Ala. R. App. P. 28(a)(10) nor was it preserved in the trial court?

3. Should Bester's argument that the trial court improperly sentenced him to life without parole because he had no violent prior felony convictions be considered by this Court when it does not comply with Ala. R. App. P. 28(a)(10) nor was it preserved in the trial court?

3

## STATEMENT OF THE FACTS

The State's evidence revealed that, sometime during the early afternoon hours of March 24, 2008, Jefferson County Sheriff's deputies were conducting surveillance at ███████ ████████████ (Bester's residence).  Other deputies were in the vicinity being briefed in preparation for execution of a search warrant at the residence.  (R. 48, 75-77, 94-95)  Suddenly, a blue pickup truck drove up to the residence at a high rate of speed, pulled into the driveway, and one of two white men inside the truck got out and walked to the "porch area."  Then a black man (Bester) came out of the house and began throwing things —luggage, a gym bag, white bags and clothes- in the back of the truck.  The black man got in the truck with a white bag in his hand, and he and the two white men in the truck drove down ████████.  (R. 49, 96-98)  The truck drove to the Twin Gates apartment complex on Huffman Road, located in the Birmingham Division of Jefferson County.  (R. 49-50, 98)  Once at the apartment complex, Bester got out of the truck carrying the same white bag that he had carried inside the truck, and he and one of the white men entered 1037 Apartment E.  Bester was carrying a white bag.  At some point the white man came out

4

of the apartment, got what appeared to be some electronic
equipment, i.e., a game, and went back inside the
apartment.  Five or six minutes later, both the white man
and Bester, minus the white bag, walked out of the
apartment and got in the truck, and the truck drove away
from the apartment complex. (R. 51-52, 99-100, 102)
Minutes later, a woman walked out of the apartment, went
around the corner, but returned soon thereafter. (R. 100-
101) Deputies who had remained at the apartment after the
pickup truck left, approached the woman, Dorothy Bester,
the appellant's mother, and asked to talk with her about
her son.  (R. 101)  Ms. Bester explained that the appellant
had "gotten into it with his girlfriend" and, when asked
about the white bag that her son had in his hand when he
entered the apartment, after signing a consent to search
form, she directed them to the "second" bedroom and
pointing, stated "He put the bag over there."  She was
referring to a corner where the stereo was with the bag
behind it.  (The bag was not visible until she pointed it
out and the officers looked behind the stereo.)  Inside the
bag were electronic digital scales and what appeared to be
cocaine - two plastic bags, one that contained crack

5

cocaine and the other powder cocaine. It appeared to be more than 28 grams. (A field test revealed the substance was cocaine.) The plastic bag containing the cocaine had no tax stamps. (R. 102- 110, 112-114, 116-117, 123-125, 130-131, 133, 141-142) On the floor was a large white garbage bag (the one that the white man carried inside the apartment) that contained some scales, baggies, and a glass Pyrex type cup with residue in it, clothing, and tennis shoes that Ms. Bester identified as belonging to the appellant. (R. 118-119, 133, 139-140) Marijuana was found on the chest of drawers. (R. 120-121)

Deputies in unmarked vehicles followed the truck from Center Point to Homewood, and finally at the request of Deputy Eaton the truck was stopped on Valley Road, for a traffic violation. (R. 52-55, 79-80, 85-88, 92) Following the traffic stop, Bester was informed that there was a search warrant for his residence and his person and he was placed in handcuffs in the back of one of the patrol cars. (R. 55-56, 91) During the traffic stop, after the driver of the truck refused consent to search the vehicle, Deputy Mark Eaton used his K-9 partner, "Pepsi," and conducted a "free air sniff" around the truck. After the dog

"passively" indicated at, meaning she detected an odor of one of four narcotic drugs, at the rear bed or cargo area of the truck, she was placed in the bed area. She again "indicated" on a suit case. The suitcase was opened and searched and a black plastic bag was found with the following items inside: pieces of "torn-off Brillo pad," syringes, an ash tray, a pill splitter, and a "push rod that was burnt on the end for a crack pipe." These items are commonly used for injecting drugs. (R. 56, 61-66, 69, 81, 89) (These items were transported to the police department, sealed in an envelope and placed in the property room. They remained in the property room until they were removed and brought to court. R. 69-71) The suitcase also contained men and women clothing; Bester indentified the suitcase as belonging to him and the women clothing as belonging to his girlfriend. According to Bester, he had left in a hurry and just grabbed whatever he could and threw them in the bag. (R. 73-74) At that time Bester was arrested for possession of drug paraphernalia. (R. 74)

Later, Bester's residence was searched, pursuant to the warrant, and a few small bags, containing what appeared to

7

be cocaine residue, were found.  Also, a set of digital

scales were found inside the kitchen cabinet.  A female and

some children were at the residence.  (R. 77).

The substance believed to be cocaine, found inside Ms.

Bester's apartment inside a white bag, was tested by a

forensic scientist with the Department of Forensic Sciences

and determined to be cocaine.  Also, the substance in one

of the bags weighed 43.5 grams and the other weighed 26.1

grams.  (R. 146-148, 152-153, 159-163, 168, 173-179)

## STANDARDS OF REVIEW

1. In Ex parte Tiller, 796 So. 2d 310 (Ala. 2001), the

Alabama Supreme Court opined the following regarding an

appellate court's role in addressing the sufficiency of the

evidence to sustain a conviction:

> The role of an appellate court in reviewing a case
> based upon a criminal defendant's claim that the
> evidence is legally insufficient to support the
> conviction is a limited one:
>
> " 'In determining the sufficiency of the evidence
> to sustain a conviction, a reviewing court must
> accept as true all evidence introduced by the
> State, accord the State all legitimate inferences
> therefrom, and consider all evidence in a light
> most favorable to the prosecution. Faircloth v.
> State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471
> So.2d 493 (Ala.1985).' Powe v. State, 597 So.2d
> 721, 724 (Ala.1991). It is not the function of

8

this Court to decide whether the evidence is
believable beyond a reasonable doubt, Pennington
v. State, 421 So.2d 1361 (Ala.Cr.App.1982);
rather, the function of this Court is to determine
whether there is legal evidence from which a
rational finder of fact could have, by fair
inference, found the defendant guilty beyond a
reasonable doubt. Davis v. State, 598 So.2d 1054
(Ala.Cr.App.1992). Thus, '[t]he role of appellate
courts is not to say what the facts are. [Their
role] is to judge whether the evidence is legally
sufficient to allow submission of an issue for
decision [by] the jury.' Ex parte Bankston, 358
So.2d 1040, 1042 (Ala.1978) (emphasis original)."

Id. at 311-12(quoting Ex parte Woodall, 730 So.2d 652,

658 (Ala.1998)); see also Gissendanner v. State, 949 So. 2d

956, 972 (Ala. Crim. App. 2006).

2 & 3. An argument in an appellate brief that does not

comply with Rule 28(a)(10) of the Alabama Rules of

Appellate Procedure is deemed to be waived on appeal.

Jennings v. State, 965 So. 2d 1112, 1136 (Ala. Crim. App.

2006).

"This court will not consider an argument raised for

the first time on appeal; its review is limited to evidence

and arguments considered by the trial court. Eastland v.

State, 677 So. 2d 1276, 1277 (Ala. Crim. App. 1996)."

Myrick v. State, 787 So. 2d 713, 718 (Ala. Crim. App.

2000).

## SUMMARY OF THE ARGUMENT

The trial court properly denied Bester's motion for judgment of acquittal because the State had proved a prima facie case of trafficking cocaine. The State's evidence revealed that, minutes before law enforcement officers were to execute a search warrant at his residence, Bester was observed hurriedly removing items from his residence and throwing them in the back of a pickup truck. One item in particular, a white plastic bag, Bester did not place in the back of the truck but held inside the truck with him. Bester then rode in the truck, with two other men, to his mother's apartment where he unloaded the items including the white plastic bag. Minutes later, the white plastic bag was identified to law enforcement officers by Bester's mother as the bag that Bester had brought to her apartment minutes before, also this was determined to be the same bag that officers observed Bester remove from his residence and carry inside the truck with him. The bag was determined the contain cocaine, more than 28 grams. Given this evidence, as well as other surrounding facts, a jury could infer that the cocaine in the white plastic bag belonged to

10

Bester.  Accordingly, the trial court properly denied the

motion and submitted the case to the jury.

Also, Bester's second and third contentions that, his

counsel was ineffective and the trial court erred in

sentencing him to life without parole, should not be

considered by this Court.  First, Bester has not

sufficiently argued either in his appellate brief.

Specifically, he has cited no legal authority to support

his proposition that that the trial court erred or he is

entitled to a new trial on either ground.  Second, even

assuming that the contentions have been properly argued on

appeal, Bester failed to preserve the contentions in the

trial court.  Accordingly, they cannot be considered by

this Court.

**ARGUMENT**

I.   **The Trial Court Properly Denied Bester's Motion For Judgment Of Acquittal Because The State Proved A Prima Facie Case Of Trafficking Cocaine.**

Bester's first contention, the trial court erred in failing to grant his motion for judgment of acquittal because the State failed to present sufficient evidence to support his conviction of trafficking cocaine, has no merit.   Specifically, according to Bester the State failed to prove that he had actual or constructive possession of the 28 grams or more of cocaine recovered from his mother's apartment.

"A motion for a judgment of acquittal tests the legal sufficiency of the evidence." State v. Grantland, 709 So. 2d 1310, 1311 (Ala. Crim. App. 1997).   "[W]hen the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969)" Clay v. State, 687 So. 2d 1245, 1248 (Ala. Crim. App. 1996)(quoting Maddox v. State, 620 So.2d 132, 133-34 (Ala. Crim. App. 1993)).   The trial court properly denied

12

Bester's motion for judgment of acquittal because the
State's evidence raised a question of fact for the jury
and, if believed, was sufficient to sustain a conviction
for trafficking cocaine.

A person is guilty of trafficking cocaine if he/she:
"knowingly sells, manufactures, delivers, or brings into
this state, or who is knowingly in actual or constructive
possession of, 28 grams or more of cocaine or of any
mixture containing cocaine, described in Section 20-2-
25(1)." Ala. Code §13A-12-231(2). "In order to present a
prima facie case of trafficking in cocaine, the State [had
to] prove that [Bester] was knowingly in actual or
constructive possession of 28 grams or more of cocaine."
Harris v. State, 826 So. 2d 897, 898 (Ala. Crim. App.
2000).

> "'Constructive possession can be shown where the
> controlled substance was found on the premises
> controlled by the defendant, and guilty knowledge may
> be established by the surrounding facts and
> circumstances.' Whitehead v. State, 429 So. 2d 641,
> 643 (Ala. Cr. App. 1982)…. 'When the presence of the
> accused at the scene is established and evidence of his
> knowledge of the prohibited substance is shown, along
> with any other incriminating evidence, the issue of the
> defendant's guilt should be submitted to the jury.'
> Radke v. State, 292 Ala. 290, 292, 293 So. 2d 314, 316
> (Ala. 1974)…."

13

Jones v. State, 665 So. 2d 982, 983 (Ala. Crim. App. 1995)536, 537-38 (Ala. Crim. App. 1985)).

The State's evidence revealed that, on the afternoon of March 24, 2008, several deputies with the Jefferson County Sheriff's Department were conducting surveillance on Bester's residence while other deputies were preparing to execute a search warrant at the residence. Suddenly, a pickup truck approached Bester's residence at a high rate of speed, pulled into the driveway, and one of two white men got out and walked to the porch of the residence. Then Bester came out of the residence and began throwing items in the back of the truck. One item however, a white plastic bag, Bester did not throw in the back but carried inside the truck with him. The truck then drove to an apartment complex and Bester and one of the white men got out, and walked into Apartment E which was Bester's mother's apartment. Bester carried the white plastic bag that he had carried inside the truck into the apartment. Five or six minutes later, Bester walked out of the apartment without the white plastic bag and he and the two white men drove away from the apartment complex. Bester's mother, the apartment resident, pointed out the white

14

plastic bag hidden behind a stereo in a second bedroom as the white plastic bag that Bester had brought to her apartment minutes earlier. She also identified clothing belonging to Bester in a white garbage bag in the middle of the floor. This bag also contained items associated with illegal drug use. When the truck in which Bester was riding (or possibly driving) was stopped for a traffic violation, there was a suitcase that Bester admitted was his in the back of the truck. The suitcase contained drug paraphernalia. Also, when the search warrant was executed at Bester's residence, items containing cocaine residue and a set of digital scales were found. The substance inside the white plastic bag that was retrieved from Bester's mother's house, the bag identified as belonging to Bester, was cocaine and weighed more than 28 grams.

Based on this evidence, the jury could conclude that the white plastic bag containing cocaine that was retrieved from Bester's mother's house was the white plastic bag that Bester took from his own residence. Also, surrounding facts such as Bester's admission of possession of drug paraphernalia, and the existence of a search warrant for Bester's residence and his person, tended to support

15

Bester's possession of the cocaine that was recovered from
his mother's apartment. Given these facts, the trial court
properly denied the motion for judgment of acquittal and
submitted the case to the jury.

II. **Bester's Argument That His Counsel Failed To Provide
Effective Assistance Should Not Be Considered By This
Court Because It Does Not Comply With Ala. R. App. P.
28(a)(10) Nor Was It Properly Preserved in the Trial
Court**

Bester's next contention is that his counsel failed to
provide effective assistance when he failed to file a
motion to suppress, and "failed to explore this
relationship (i.e., the white male who was present inside
the truck when Bester was arrested) as well as any other
evidence that others could have been in exclusive control
of the drugs in question. (Bester's brief pp. 13-14)
Bester should be deemed to have waived consideration of
this argument on appeal because it is not properly argued
on appeal, nor was it properly preserved in the trial
court.

Rule 28(a)(10), of the Alabama Rules of Appellate
Procedure requires that an argument contain "the

16

contentions of the appellant/petitioner with respect to the
issues presented, and the reasons therefore, with citations
to the cases, statutes, other authorities, and parts of the
record relied on." Bester's citation of Strickland v.
Washington, 466 U.S. 668 (1984) only supports the general
proposition that one alleging ineffective assistance of
counsel must show deficient performance and prejudice.
Moreover, there is no discussion as to how the authority
cited is relevant or supports his claim of error. See
Jennings v. State, 965 So. 2d 1112, 1136 (Ala. Crim. App.
2006)("Authority supporting only 'general propositions of
law' does not constitute a sufficient argument for
reversal."); McNabb v. State, 991 So. 2d 313, 317 (Ala.
Crim. App. 2007)(questioning whether argument that
contained legal authority supporting only general
proposition of law was properly before court); L.J.K. v.
State, 942 So. 2d 854, 868 (Ala. Crim. App. 2005) (holding
that, argument that cites authority and makes only
conclusory statements, without making a "real argument" as
to how the authority supports argument is insufficient to
satisfy Rule 28(a)(10)). Accordingly, because Bester has

17

not sufficiently argued this contention in his appellate brief, it should be deemed to be waived on appeal.

Even assuming that this contention is sufficiently argued before this Court, nonetheless it cannot be considered by the Court because it was not properly preserved in the trial court. Even though Bester may have alluded to his counsel having rendered ineffective assistance when prior to trial he stated that he wanted to hire another lawyer (R. 16), clearly he did not alert the court to any errors in his counsel's performance. Furthermore, he did not even allude to ineffective assistance of counsel in his motion for new trial. (C. 97-99)

"This court is appellate only ... [and] cannot consider matters on appeal that have not first been presented to [the] trial court for its determination." Clay v. State, 687 So. 2d 1245, 1250 (Ala. Crim. App. 1996)(quoting Scott v. State, 627 So. 2d 1131, 1132 (Ala. Crim. App. 1993)). "It is well settled that ineffective-assistance-of-counsel claims cannot be presented on direct appeal when they have not been first presented to the trial court." Shouldis v. State, 953 So. 2d 1275, 1285 (Ala. Crim. App. 2006)(citing

18

Montgomery v. State, 781 So.2d 1007 (Ala. Crim. App.

2000)); see also Ex parte Frazier, 758 So. 2d 611, 615

(Ala. 1999) ("Ordinarily, a defendant's failure to raise

the claim [of ineffective assistance of counsel] in this

manner (in a timely motion for a new trial) will preclude

review of this issue on direct appeal."). Moreover, an

adverse ruling by the trial court is a prerequisite for

appellate review. State v. Cortner, 893 So. 2d 1264, 1266

(Ala. Crim. App. 2004). Accordingly, because Bester did

not present a proper claim of ineffective assistance of

counsel to the trial court, and there is no adverse trial

court ruling on the issue, there is nothing for this Court

to review in this instance.

**III. Bester's Contention That The Trial Court Erred By
Sentencing Him To Life Without Parole For Trafficking
Cocaine Because It Was Not Established That He Was A
Violent Offender Should Not Be Considered By This Court
Because It Does Not Comply With Ala. R. App. P.
28(a)(10) Nor Was It Preserved In The Trial Court.**

Finally, apparently Bester is arguing that the trial

court erred in sentencing him to life without parole

because the prior offenses proved by the State were not

19

violent offenses, nor was there evidence of any prior illegal drug activity. (Bester's brief, p. 15)  Here too, Bester has failed to comply with Rule 28(a)(1), Ala. R. App. P. in presenting his argument to the Court; nor did he properly preserve the contention in the trial court. Accordingly, the Court should not consider the contention.

As previously noted, in the discussion of Bester's second contention, Rule 28(a)(10), Ala. R. App. P. requires that an argument contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefore, with citations to the cases, statutes, other authorities, and parts of the record relied on."  Bester's entire "argument" here consists of his discussion of his conclusion that he is not a violent person and, therefore, should not have received a life without parole sentence.  He fails to cite any legal authority to support this conclusion. (Bester's brief, p. 15)  Rule 28(a)(10), clearly requires citation to authority to support the contentions being made.  See L.J.K., 942 So. 2d at 868 ("He also fails to provide an adequate recitation of the facts relied upon in support of his argument; merely referring to the record without setting forth the facts in

support of an argument is not sufficient to comply with Rule 28(a)(10), Ala.R.App.P."). Accordingly, this contention likewise should be deemed to have been waived on appeal. See Jennings, 965 So. 2d at 1136 (argument in appellate brief that does not comply with Rule 28(a)(10), Ala. R. App. P., deemed waived on appeal).

Also, Bester did not raise the specific argument he raises on appeal at his sentencing hearing. After the judge imposed his sentence Bester made no objection, arguing the specific grounds argued on appeal. (C. 97-98) Also, even if his motion for new trial can be considered to have raised the contention, this was insufficient to preserve it for appellate review. See Glass v. State, 14 So. 3d 188, 194 (Ala. Crim. App. 2008)(grounds urged in motion for new trial must have been raised at trial).

## CONCLUSION

Based on the foregoing, the judgments entered in this case by the Jefferson County Circuit Court should be affirmed.

Respectfully submitted,

TROY KING
*Attorney General*
By-


/s/Robin Scales
ROBIN SCALES
*Assistant Attorney General*

22

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2010, I electronically filed a copy with the clerk of the court, and I served a copy of the foregoing on counsel for Appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Martin Weinberg, Esq.
P. O. Box 154
Shannon, AL  35142

/s/Robin D. Scales
ROBIN D. SCALES
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
500 Dexter Avenue
Montgomery, AL  36130
(334) 242-7300

930651/135189-001

23