IN THE COURT OF CRIMINAL APPEALS OF ALABAMA
CRIMINAL APPEALS NO: CR 08-1636

DURRELL BESTER,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE TENTH JUDICIAL CIRCUIT
-JEFFERSON COUNTY CIRCUIT COURT-
HONORABLE CLYDE JONES CIRCUIT JUDGE
(CC 08-3771, CC 08-3772)

## Application of Rehearing

COMES NOW Appellant Durrell Bester and through his undersigned counsel submits an application for rehearing in this matter.



Brief in Support of Application for Rehearing

The Petitioner presents that nearly all of the statment of facts contained in the memorandum were accurate. However, the Appellant urges the court to understand that some of these facts were not presented in the correct context.

The Appellant believes that the court should first reconsider his argument that he was found to be in possession of the drugs in question. The Criminal Court of Appeals failed to properly consider that testimony concerning the medical condition of the Defendant's mother, Dorothy Bester, was not allowed. The petitioner believes that had this evidence been allowed to be presented this would put into doubts regarding the exclusivity of possession. Furthermore the record shows that Mrs. Bester "attempted to show officers around without signing the form" (M.5). There are several plausible explanations for that  By allowing the medical condition to be presented, the Appellant believes that the validity of the search to be put in to questions. The Court of Appeals notes the reliance of the jury on the mother's statement (M.12).

The Appellant is not asking the Court of Criminal Appeals to be factfinders in this case. The appellant is asking this

court to reconsider whether or not the jury was put in the best position and most fair to as it states "reslove any conflicts in the evidence (M.12). The Appellant believes that by the Judge failing to allow certain testimony to be provided that the Jury did not review pertinent facts. While the Appellant believes that the court addresses the proper elements of the law in this case, the facts at trial that would have been most favorable to the Defendant were simply not allowed to be presented.

The second issue for which the Defendant asks to reconsider is the assertion that his counsel was ineffective at trial. The Defendant asks the court to consider that the assertion was raised at trial. The Appellant asks the Court to consider the premise that the Appelant cannot waive his claim of ineffective assistance of counsel.

As the Court of Criminal Appeals notes, <u>Strickland v. Washington</u> was used as an authority in this case. This authority alone should be enough to support the law as well as the defendants standard of review as to this representation was beyond harmless. <u>Barr v. State</u>, (2008 AL 909.008 Court of Criminal Appeals)  This argument goes beyond "general propositions of law". The Defendant asked for his counsel to be removed and the judge failed to directly address this issue (Appellant Brief 12). The Appellant asks the court to recognize

at that point, prior to the commencement of trial the ineffective assistance of counsel claim was raised. In the Appellants brief there are some serious allegations laid out of how the original trial counsel failed to properly represent the Defendant and his incompetence prejiduced the Defendant at trial. The Appellant understood that his attorney neglected some of the most basic duties such as filing a motion to suppress as regarding the evidence prior to trial. The Judge failed to rule on this issue of suppression because it may not have been timely. Furtheromoe failing to allow the Defendant to raise these issues with the Judge of which he tried but was denied is beyond harmless error and never waived. Therefore, not only was this claim never waived it was presented at trial and ignored by the trial court Judge. The Appellant believes that the trial court has an obligation to determine whether or not there is ineffective assistance of counsel. The Appellant is not raising issues that concern deference of his trial attorney on certain tactics, but rather claims that he raised ineffective assistance of counsel and the Judge failed to explore his arguument. This premise that the trial court should explore the potential conflicts and issues raised as related to ineffective assistance of counsel is defined in a series of court case See e.g., Cuyler v. Sullivan 446 U.S. 335 (1980).

The final issue which is raised relates to the sentencing. The Appellant objects to the claim that a lack of authority was presented on this issue (Appellant brief 15). The Defendant relies on the Standard of Review that this was a violation in plain error and clear abuse by the trial court. <u>Wright v. State</u>, 709 So.2d 1318 (1997) The record should speak for itself in the claim that the Defendant did not committ a violent offense in this particular instance. Furthermoe, the past behavior that occurred many years before should be weighed with great carefullness of which the record shows was not the case. The Appellant asks that the brevity of his argument not be mistaken for a lack of substance and review this decision.

Based on these arguments presented the Appellant asks that the Criminal Court of Appeals review their rulling and either reverse their judgment or in the alternative remand the proceedings to the trial court for a new trial.

Respectfully submitted

/s/ Martin Evan Weinberg
Martin Evan Weinberg
WEI-035
Attorney for the Appellant
PO Box 154
Shannon , AL.   35142
205-785-5575
email: attorneyweinberg@bellsouth.net

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the **Office of the Attorney General for the State of Alabama** by depositing a copy in the U.S. Mail, first-class postage on this the 29th day of April, 2009

Troy King
Attorney General for the State of Alabama
500 Dexter Ave
Montgomery , AL 36130-000

/s/Martin   Evan Weinberg
Attorney for the Appellant