# IN THE
# COURT OF CRIMINAL APPEALS
## OF ALABAMA

NO. CR 11-0207

DURRELL BESTER,

*Appellant,*

v.

STATE OF ALABAMA,

*Appellee.*

ON APPEAL FROM THE CIRCUIT COURT
OF JEFFERSON COUNTY, ALABAMA
(CC-08-3771.60)

## BRIEF OF APPELLANT

SUBMITTED BY:

John C. Robbins
Robbins Law Firm
2031 2nd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 320-5270

ORAL ARGUMENT NOT REQUESTED

March 20, 2012         *Attorney for Appellant*

I

## Transaction Confirmation

Case No: **110207**                                                    Confirmation No: **404487**

Durell Bester v. State of Alabama  (Appeal from Jefferson Circuit Court: CC08-3771.60)

This is confirmation that the following document was successfully uploaded and e-filed with the Court of Criminal Appeals in the above cause:

**Document Title:** Appellant's Brief

**Date & Time Filed:** 03/20/2012 @ 09:51:32 AM

**Filing Attorney:** John C Robbins

**Firm:** John C. Robbins

**Address:** 2031 2nd Ave North
Birmingham, AL 35203

**Filed On Behalf Of The:** Appellant

**Client:** Durrell Bester

**Clerk:** Honorable Gerri Robinson Acting Clerk

The Appellate Court E-Filing Rules require that the filing party mail five (5) hard copies of the e-filed document and one copy of this Transaction Confirmation to the Clerk of the Court of Criminal Appeals within 24 hours.

Important Reminder: It is the filing party's responsibility to notify the opposing attorneys and/or parties that the above document has been e-filed.

| Supreme Court of Alabama | Alabama Court of Civil Appeals | Alabama Court of Criminal Appeals |
|---|---|---|
| (334)229-0700 | (334)229-0733 | (334)229-0751 |

Judicial Building · 300 Dexter Avenue · Montgomery, Alabama 36104

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument in this case. However, if the Court believes that oral argument will be helpful to the Court in understanding the facts of this case Appellant is prepared to orally argue his case on appeal.

/s/ John C. Robbins
John C. Robbins
Attorney for Appellant

i

## **TABLE OF CONTENTS**

PAGE:

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . .i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE STANDARDS OF REVIEW . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . .5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . .6

    I. WHETHER THE TRIAL COURT ERRED IN FAILING GRANT
       APPELLANT'S RULE 32 PETITION. . . . . . . . . . . . . .6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

CASES                                                              PAGES

*Boyd v. State*, 913 So.2d 1113, 1122 (Ala.Crim.App.2003) . . .4

*Ex parte Kirby*, 899 So.2d 968 (Ala.2004). . . . . . . . 7,9,12

*Ex parte White*, 792 So.2d 1097, 1098 (Ala.2001)  . . . . . 4

*Holt v. State*, 960 So.2d 726 (Ala.Crim.App. 2006). . . 10,12

OTHER AUTHORITIES

§12-25-32(13)(b), *Code of Alabama* (1975) . . . . . . . . . .10

§13A-5-9, *Code of Alabama* (1975). . . . . . . . . . . . . . .9

§13A-5-9.1, *Code of Alabama* (1975). . . . . . . . . . . . . .9

§13A-5-9(c)(3), *Code of Alabama* (1975) . . . . . . . . . . . 8

§13A-11-70(2), *Code of Alabama* (1975). . . . . . . . . . . .10

## STATEMENT OF THE CASE

The Appellant filed a *pro se* Petition for Relief From Conviction or Sentence pursuant to Rule 32 A.R.C.P. on December 9, 2009. (C.21). The Appellant was sentenced for his conviction of trafficking cocaine, possession of drug paraphernalia and failure to affix tax stamp on May 26, 2009. (C.21). The Appellant received a life without the possibility of parole sentence for the trafficking conviction. (C.30). Following denial of his appeals to this Court and the Alabama Supreme Court, the Appellant sought relief pursuant to Rule 32 based on his assertion of ineffective assistance of counsel. (C.22, 25).

On June 12, 2011, the court heard argument on Appellant's motion. (R.1). The court, following arguments of counsel, continued the matter to June 17, 2011 to allow counsel to present arguments concerning the court's jurisdiction to impose of a life sentence versus life and to address the Appellant's prior criminal history. (R.62-69). On June 21, 2011, the trial court entered an order denying the Appellant's Rule 32 request. (C.11). Bester filed a timely Notice of Appeal. Bester is currently incarcerated pending the final outcome of his appeal.

1

## STATEMENT OF THE ISSUES

I. **WHETHER THE TRIAL COURT ERRED IN FAILING GRANT APPELLANT'S RULE 32 PETITION.**

## STATEMENT OF THE FACTS

This appeal is based on the trial court's denial of the Appellant's Rule 32 petition. (R.11).

## STANDARD OF REVIEW

I.   When the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo. " *Ex parte White*, 792 So.2d 1097, 1098 (Ala.2001) . "However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, '[t]he standard of review on appeal is whether the trial judge abused his discretion when he denied the petition.' "*Boyd v. State*, 913 So.2d 1113, 1122 (Ala.Crim.App.2003) (quoting *Elliott v. State*, 601 So.2d 1118, 1119 (Ala.Crim.App.1992)).

## SUMMARY OF THE ARGUMENT

Appellant argues that the trial court erred in denying his Rule 32 Petition.

## ARGUMENT

### I. WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S RULE 32 PETITION.

This matter arises from the Appellant's filing of a *pro se* Petition for Relief From Conviction or Sentence pursuant to Rule 32 A.R.C.P. on December 9, 2009. (C.21). The Appellant filed his Rule 32 Petition following denial of his appeals to this Court and the Supreme Court of Alabama. In his Petition, the Appellant claimed ineffective assistance of counsel. (C.22,25). Additionally, Appellant specifically raised the issue that the trial court abused its discretion in finding that the Appellant was a violent offender and sentencing him to life without parole. (C.44). Appellant also claimed ineffective assistance of counsel in that appellate counsel on direct appeal failed to properly raise the issue on appeal and failed to cite supporting legal authority for this claim. (C.44).

After being sentenced to life without the possibility of parole for his conviction of trafficking cocaine, possession of drug paraphernalia and failure to affix tax stamp on May 26, 2009, the Appellant's trial counsel failed to take steps to attack the Appellant's sentence and failed

to properly preserve the issue on appeal. (C.44-45). This argument was also orally presented to the trial court at the June 12, 2011 hearing. (R.59-60).

On June 12, 2011, the trial court heard argument on the Appellant's Rule 32 petition. Appellant's counsel argued that of all the grounds raised in the Appellant's Petition, the Appellant's argument that the trial court abused its discretion in declaring the Appellant a violent offender and sentencing him to life without parole was the most meritorious argument. (R.17). Appellant's counsel argued that the trial court based its sentencing on the fact that the Appellant had four (4) prior felony convictions. (R.17). The trial court mistakenly believed that the Appellant had previously been convicted of a Class A felony. However, Appellant's counsel pointed out to the trial court that the Appellant's prior convictions were for two (2) Class B felonies and two (2) Class C felonies. (R.18). The Appellant had previously entered into a plea agreement wherein he pled guilty to the four (4) charges and received a ten (10) year sentence. (R.20).

Appellant's counsel argued that the Appellant's sentencing issue was analogous to a *Kirby* issue. (R.21). *Ex parte Kirby*, 899 So.2d 968 (Ala.2004). Appellant's counsel

7

argued to the trial court that the issue was whether or not the Appellant was to be considered a violent offender. (R.21-25).

§13A-5-9(c)(3), *Code of Alabama* (1975) deals with the sentencing of a defendant who has been previously convicted of any three felonies. This section states as follows:

> "On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court."

Although the Appellant has four (4) prior felony convictions, none of his prior convictions are Class A felonies. In making its decision that the Appellant constituted a violent offender, the court relied on the information contained in the presentence report. (R.23). The court relied on erroneous information including the fact that the report claimed the Appellant had charges of assault first and attempted murder. The court also relied on the admittedly erroneous information in the motion filed by the State which reflected that the Appellant had been previously convicted of a Class A felony. (R.19). At the hearing, the State admitted that no research had been done into the background of the Appellant's prior convictions. (R.25).

8

Appellant argues that the sentencing issue in this matter is analogous to that in *Ex parte Kirby*, 899 So.2d 968 (Ala.2004). While Appellant recognizes that the *Kirby* decision deals with the retroactive amended sentencing of offenders following the 2000 amendments to the Habitual Felony Offender Act (hereinafter "HFOA"), §§13A-5-9 and 13A-5-9.1, *Code of Alabama* (1975), Appellant asserts that the similar circumstances exist in the case at bar.

The Supreme Court in *Kirby* held that,

"....under §13A-5-9.1, a judge applying §13A-5-9(c)(3) to a previously sentenced defendant merely has the authority to conduct a new sentencing hearing, and in the judge's discretion to modify a previous sentence under which a defendant would never have been eligible for parole to a sentence of "straight" life imprisonment under which a defendant might thereafter become eligible for parole, depending upon the factors then established by the Parole Board."

The court in *Kirby* also stated,

"We conclude that the State's trial judges have the authority under the statue to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated."

Although the Appellant does not meet the requirements to have his sentence reconsidered under §13A-5-9.1, *Code of*

9

*Alabama* (1975), the Appellant argues that trial counsel and appellant counsel's failure to address the issue of the Appellant's life without parole sentence combined with the trial court's erroneously finding the Appellant a violent offender constitutes grounds for relief.  At the very least, trial counsel was ineffective at sentencing by not correcting the court on the court's misinterpretation of the Appellant's prior felony record.  Further, appellate counsel was ineffective by not addressing this issue on appeal.  In order to provide constitutionally effective representation in this case, both trial counsel and appellate counsel should have made it very clear to the courts that the Appellant did not have a prior Class A felony conviction which would mandate a life sentence without the possibility of parole.

The Appellant previously pled guilty to two (2) counts of shooting into an occupied vehicle which are Class B felonies.  Shooting into an occupied vehicle is not classified as a "Crime of Violence" under §13A-11-70(2), *Code of Alabama* (1975).  Although §12-25-32(13)(b), *Code of Alabama* (1975) classifies shooting into an occupied vehicle as a violent offense, this Court in *Holt v. State*, 960 So.2d 726 (Ala.Crim.App. 2006) held that,

10

"...the fact that a crime is defined as a "violent offense" under §13A-11-70 and/or §12-25-32, although certainly a relevant and appropriate consideration, is not binding on a circuit court in determining whether an inmate is a "nonviolent convicted offender" within the meaning of §13A-5-9.1. In other words, merely because an inmate has been convicted of a "violent offense" as defined in §13A-11-70 and or §12-25-32 does not mean that the inmate is a "violent offender" for purposes of §13A-5-91.1; committing a "violent offense" as defined in §13A-11-70 and/or §12-25-32 is not the equivalent of being a "violent offender" under §13A-5-9.1. Had the legislature intended to preclude any inmate convicted of a "violent offense" as defined in §13A-11-70 and/or §12-25-32 from receiving the benefits of §13A-5-9.1, it would have easily said that §13A-5-9 would apply retroactively only to those offenders who had not been convicted of an offense defined by statute as a "violent offense." Instead, the legislature chose to state that §13A-5-9 would apply retroactively to any "nonviolent convicted offender."

In *Kirby*, the Supreme Court made it clear that the trial court's determination that a defendant is a violent offender should be based on a totality of the circumstances. It is clear from the record that in the case at bar, the trial court based its decision that the Appellant was deemed a violent offender based on his prior convictions. There was no rational basis for the trial court to determine that the Appellant was a violent offender based on the underlying charges. The trial court's opinion was based on an erroneous information concerning the Appellant's prior convictions and thus is eligible for reconsideration. Appellant requests that this Honorable Court reverse the

11

trial court's sentence of life without parole and remand this case to give the trial court on opportunity to reconsider its determination that Appellant is a violent offender.

**CONCLUSION**

Appellant prays that this Honorable Court will reverse the trial court's decision and remand his case.

RESPECTFULLY SUBMITTED,

/s/ John C. Robbins
John C. Robbins
Attorney for the Appellant

OF COUNSEL:
Robbins Law Firm
2031 2nd Avenue North
Birmingham, Alabama 35203
(205) 320-5270

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading upon the following, by placing a copy of the same in the U.S. Mail, properly addressed and postage thereon prepaid, this the 20th day of March, 2012.

Luther Strange
Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

/s/ John C. Robbins
Of Counsel

13