FILED
2013 Feb-12  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

No. 11-0207

In the COURT of CRIMINAL APPEALS

of ALABAMA

───────────────◆───────────────

DURRELL BESTER,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

───────────────◆───────────────

On Appeal From the Circuit Court
of Jefferson County
(CC-08-3771.60)

## BRIEF OF APPELLEE

Luther Strange
*Attorney General*

Robin D. Scales
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama   36130
Phone: (334) 242-4275
Fax: 334-242-2848
docketroom@ago.state.al.us

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case.  See Ala.

R. App. P. 34(a)(3).

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ......................... i

TABLE OF CONTENTS ........................................ ii

TABLE OF CASES AND AUTHORITIES .......................... iii

STATEMENT OF THE CASE ..................................... 1

ISSUE PRESENTED FOR REVIEW ................................ 3

STATEMENT OF THE FACTS ................................... 3

STANDARD OF REVIEW ....................................... 9

SUMMARY OF THE ARGUMENT .................................. 9

ARGUMENT ................................................ 10

The Trial Court Properly Denied Bester Relief On
His Rule 32 Petition Because The Circuit Court Lacked
Jurisdiction To Grant The Requested Relief By Bester
And His Ineffective Assistance Of Appellate Counsel
Claim Lacks Merit. ..................................... 10

CONCLUSION .............................................. 21

CERTIFICATE OF SERVICE .................................. 22

## **TABLE OF CASES AND AUTHORITIES**

### Cases

Boles v. State, CR-09-0608, 2011 WL 2094778 (Ala. Crim.
    App. May 27, 2011) ................................... 16

Ex parte Baldwin, 456 So. 2d 129 (Ala. 1984) ............. 14

Ex parte Dunn, 514 So. 2d 1300 (Ala. 1987) .............. 14

Ex parte Hitt, 778 So. 2d 159 (Ala. 2000) ............... 12

Hodges v. State, 925 So. 2d 1060 (Ala. Crim. App.
    2005) .................................................. 16

Holt v. State, 960 So. 2d 726 (Ala. Crim. App. 2006) ..... 11

Kirby v. State, 899 So. 2d 968 (Ala. 2004) .............. 13

Mosley v. State, 986 So. 2d 476 (Ala. Crim. App. 2007) ... 12

Payne v. State, 791 So. 2d 383 (Ala. Crim. App. 1999) .... 15

Sanders v. State, 934 So. 2d 432 (Ala. Crim. App. 2005) .. 19

**Statutes**

Ala. Code

§13A-5-9(c)(3) .......................................... 15

§13A-5-9.1 .............................................. 11

§13A-12-231(12) ........................................ 15

**Rules**

Ala. R. App. P.

Rule 28(a)(10) ......................................... 13

## STATEMENT OF THE CASE

This is an appeal from an order entered by the Jefferson County Circuit Court, the Honorable Clyde E. Jones presiding, denying Durrell Bester relief on a post-conviction petition.

Bester filed his post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure on December 9, 2010,[1] challenging his 2009 convictions for trafficking cocaine, possession of drug paraphernalia and failing to affix the drug tax stamp. In the petition, Bester alleged 1) he was denied effective assistance of counsel at trial because his counsel: i) failed to object to the petit jury not being administered the oath, ii) failed to request a mistrial based on a juror overhearing spectators discussing the case, iii) deprived him of his right to testify, and iv) failed to request a jury instruction on the defendant's failure to testify; 2) he was denied effective assistance of counsel on appeal because counsel: i) failed to preserve for appellate review or raise the issue of the trial court's refusal of his request for new counsel, ii) failed to preserve for appellate review or raise the issue of the

---

[1] The court granted Bester's request to proceed in forma pauperis on August 2, 2011.  (C. 17)

trial court's denial of his motion to suppress, and iii)
failed to preserve for appellate review or raise the issue
of the trial court's abuse of its discretion in declaring
him a violent offender and sentencing him to life without
parole. (C. 29-44) The State filed a motion to dismiss
with supporting exhibits on January 3, 2011. The State
argued therein that Bester's claims were precluded because
they were raised or addressed at trial or could have been
raised or addressed at trial, or were precluded because
they were raised or addressed on appeal or could have been
raised or addressed on appeal; and, his ineffective
assistance of counsel claim was precluded under Rule
32.2(d) of the Alabama Rules of Criminal Procedure because
it was not raised as soon as practicable and it is
meritless. (C. 48-73) On February 17, 2011, a notice of
appearance was filed by counsel on behalf of Bester. (C.
74) Soon thereafter, the court set the matter for a
hearing. (C. 8-10)

After several continuances, on June 13, 2011, Judge
Jones conducted a hearing. (R. 1-2) The hearing adjourned
that day, and resumed on June 17, 2001. (R. 69-84) On
June 21, 2011, the court entered an order denying the

2

petition.  (C. 11-12)  Bester filed timely notice of appeal
on July 13, 2011.  (C. 19-20)  This appeal followed.

## ISSUE PRESENTED FOR REVIEW

Did the circuit court properly exercise its discretion
when it denied Bester relief on his Rule 32 petition
following a hearing?

## STATEMENT OF THE FACTS

On June 13, 2011, Bester, along with counsel, and the
prosecutor appeared in the Jefferson County Circuit Court
before Judge Clyde E. Jones and presented argument and
testimony relative to Bester's Rule 32 claims and the
State's motion to dismiss.  Bester's counsel decided to
leave for last any testimony or discussion on what he
termed as Bester's "strongest issue" or "best issue," i.e.,
the court abused its discretion in declaring him a violent
offender and sentencing him to life without parole (R. 17),
Bester's counsel admitted or conceded certain facts
regarding Bester's remaining claims.  Counsel admitted that
the record shows the jury was sworn; the court held an in-
chambers discussion on the claim that a juror heard

3

spectators discussing the facts of this case and it was determined that the juror was an alternate and never set on the case; and, it was the court's practice to allow juror to ask witnesses questions, this is permissible and it was limited to the police officer witnesses.  (R. 8-10)

Further, the court clarified that the issue of the Bester being refused new counsel was raised prior to the start of trial (R. 14); and, the trial court's denial of the motion to suppress was not raised on appeal (R. 15-17).

Regarding the issue of the court declaring him a violent offender and sentencing him to life without parole, in a discussion among the judge and attorneys it was determined that Bester had no Class A felonies at the time of sentencing; Bester had two Class B felony convictions (pled guilty in 2001) for discharging a firearm into an occupied vehicle, and one Class C felony for first degree possession of marijuana.  (R. 17-20)  Bester's counsel stated that the court had discretion in the case to give Bester life or life without parole.  (R. 21)

Judge Jones, in turn, reiterated his conclusion that Bester is a violent offender, setting out the facts the court considered in reaching this conclusion – the two

4

prior shootings in occupied vehicles, and the current
trafficking cocaine conviction in which Bester was
trafficking out of his mother's home and, in the judge's
opinion, "could have gotten his mother killed. And anybody
else that was there." (R. 22) The judge also considered
that at the time Bester had 75 grams of crack and cocaine,
other drug paraphernalia (digital scales), and a gun. (R.
23)

Bester testified at the hearing. According to Bester,
he was ⬤ years old and in special education classes at
Jess Lanier when convicted of discharging a firearm into an
occupied vehicle; at the time he was being treated for
paranoid schizophrenic and depression and was receiving
based on a person having "jumped on" his then ⬤ year old
sister, so he shot the person's car but no one was inside;
he pled guilty to the second charge of discharging a
firearm into a dwelling to avoid a sentence greater than 10
years but he was not guilty of the charge (he denied
admitting to a judge that he was guilty of this charge);
and, he received a ten year sentence in each case, running
concurrent, and went to prison. (R. 25-31, 41, 44-45)
According to Bester, he ended his sentence in 2004 and

5

returned to Birmingham where he lived with his mother, and he got a job for a couple of weeks but lost it because he could not get to work (no transportation). According to Bester, he talked with his counsel about testifying at his trafficking cocaine trial, and counsel told him it would not be a good idea because the jury would be told about his prior convictions. He understood, but still wanted to testify and told his counsel so, nevertheless his counsel gave the same advice -- that it would not be a good idea. (C. 47-49) Bester admitted he felt that his counsel was looking out for his best interest when he gave this advice, and also he never said anything to the judge about wanting to testify because he felt his counsel was looking out for his best interest. (R. 50-51)

Attorney William Howard Benson III testified he represented Bester in his trafficking cocaine and possession of paraphernalia prosecutions; he was appointed. (R. 52-53) He recalled Bester asking to testify in his trial, they discussed it before and during the trial. He specifically he advised Bester he had a right to testify and, initially Bester wanted to testify. After he pointed out to Bester that he had four priors that the jury would

6

hear about if he testified, and he advised Bester not to
testify, Bester agreed to take his counsel's advice.  (R.
53-54)

    At the conclusion of the testimony, counsels argued
their respective positions.  (R. 56-61)  The court then
ordered the parties to appear again within a week for
further discussion of the sentencing issue.  (R. 62-64)
Regarding the remaining claims Bester raised in his Rule 32
petition, the court orally indicated its findings: 1) the
oath had been administered to the entire jury pool by the
court administrator on that Monday morning; the claim of
error based on the alternate juror overhearing spectators
discussing the case was meritless and Bester was not
prejudiced because the juror did not sit on the case; the
claim the court erred by allowing jurors to ask witnesses
questions was without merit, inasmuch as it had been
addressed by the appellate court and the Court held the
judge had authority to do this; the claim that Bester was
not allowed to testify was meritless because Bester had
taken his counsel's advice not to testify; the claim that
the court erred in failing to give an instruction on
Bester's failure to testify was meritless because there was

7

no request for an instruction and the court had no opportunity to rule on the issue; the ineffective assistance of counsel claim based on Bester being denied the right to hire new counsel on the day of trial was meritless, because the court has never allowed defendants to put off their trial based on such a request, and there was an insufficient showing to warrant a continuance; and, as for the claim that the trial court erred in denying Bester's motion to suppress, based on the court's review of the facts, the motion was meritless. (R. 64-68) The court reserved ruling on the claim regarding Bester's sentence being an abuse of discretion, allowing the attorneys time to present further argument. (R. 68)

On July 17, 2011, the court resumed the hearing on Bester's Rule 32 petition, specifically to address the sentencing claim. (R. 69) Counsel for the State and Bester were present. Following a discussion of Bester's prior offenses, his most recent offenses and the applicable law, the court found it did not abuse its discretion in imposing a sentence of life without parole. Also, the court concluded it lacked jurisdiction to amend the sentence from life without parole to life based on the time that had

8

passed.  The court, therefore, denied Bester relief on this claim.  (R. 70-84)

## STANDARD OF REVIEW

"When reviewing a circuit court's denial of a Rule 32 petition, this Court applies an abuse-of-discretion standard."  Slaton v. State, 902 So. 2d 102, 107 (Ala. Crim. App. 2003).  "When the facts are undisputed and an appellate court is presented with pure questions of law, the Court's review in a Rule 32 proceeding is de novo."  Robinson v. State, 869 So. 2d 1191, 1193 (Ala. Crim. App. 2003)(quoting Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001)).

## SUMMARY OF THE ARGUMENT

The circuit court properly denied Bester relief on his Rule 32 petition.  Bester challenged his life without parole sentence in his Rule 32 petition, and requested a modification of the sentence to life.  Because more than thirty days has passed since the sentence was imposed by the court however, the court no longer had jurisdiction to modify or change the sentence.  Accordingly, the circuit

court did not abuse its discretion in denying Bester relief on this claim. As for Bester's claim that his appellate counsel was ineffective for failing to properly argue on appeal the trial court abused its discretion in declaring him a violent offender and sentencing him to life without parole, because the argument would have been meritless counsel could not be ineffective for failing to raise it on appeal. Accordingly, because the circuit court lacked jurisdiction to modify Bester's sentence as he requested, and Bester failed to demonstrate how his appellate counsel was ineffective for failing to properly argue on appeal that the trial court abused its discretion in declaring him a violent offender and sentencing him to life without, the circuit court did not abuse its discretion in denying Bester relief on his petition.

## ARGUMENT

**The Trial Court Properly Denied Bester Relief On His Rule 32 Petition Because The Circuit Court Lacked Jurisdiction To Grant The Requested Relief By Bester And His Ineffective Assistance Of Appellate Counsel Claim Lacks Merit.**

Bester contends the trial court erred in denying his Rule 32 petition. On the contrary, the trial court did not abuse its discretion in denying the petition and its

10

decision is due to be upheld. First, it should be upheld because the trial court lacked jurisdiction to grant Bester the relief requested in his petition. And, second, it is due to be upheld because Bester's claim, that his counsel was ineffective on appeal, lacks merit.

Based on the record, on December 9, 2010, Bester filed the instant Rule 32 petition and, among other claims, alleged he was denied effective assistance of counsel on appeal because his appellate counsel failed to preserve for appellate review or argue the trial abuse its discretion in declaring him a violent offender and sentencing him to life without parole. (C. 29-44) Essentially, Bester was seeking a modification of, or change in, his sentence. His request, for resentencing, was not made pursuant to Section 13A-5-9.1 of the Code of Alabama; in fact, Bester does not meet the criteria for resentencing under that statute. Bester was sentenced on May 26, 2009, and one of the requirements for eligibility to have one's sentence reconsidered under §13A-5-9.1 is that the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective. Holt v. State, 960 So. 2d 726, 734-35 (Ala. Crim. App. 2006). Also, Bester did not

11

challenge his sentence as being illegal. "[A]n allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court and is void." Mosley v. State, 986 So. 2d 476, 477 (Ala. Crim. App. 2007)(quoting Rogers v. State, 728 So. 2d 690, 691 (Ala. Crim. App. 1998)).

Unfortunate for Bester, the trial court lost jurisdiction to modify or change his sentence thirty days after it was imposed. See Ex parte Hitt, 778 So. 2d 159, 162 (Ala. 2000)("The trial court here acted outside the 30-day jurisdictional period when it purported to modify Hitt's D.U.I. sentence on October 7. By then, the trial court had lost jurisdiction to modify the sentence; therefore, the order purporting to modify Hitt's D.U.I. sentence is void."). Because Bester is not seeking resentencing under Section 13A-5-9.1, or alleging his sentence is illegal (a jurisdictional challenge), the circuit court lacked jurisdiction to grant the relief he requested, modification of his life without parole sentence. Accordingly, there was no abuse of discretion by the circuit court in denying Bester relief on this claim.

The circuit court also did not abuse its discretion in denying Bester relief on his ineffective assistance of appellate counsel claim, grounded on counsel's failure to argue on appeal that the trial court abused its discretion in declaring him a violent offender and sentencing him to life without parole, because the claim lacks merit.[2] In fact, appellate counsel attempted to raise the issue on appeal; however, this Court held the issue was waived because Bester failed to properly argue it, i.e., cite legal authority supporting his position, in accordance with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure. Id. at 13-14. It should be noted that Bester also does not cite any legal authority in his appellate brief to support the claim, i.e., the trial court abused its discretion in declaring him a violent offender and sentencing him to life without parole. The cases cited by Bester, Kirby v. State, 899 So. 2d 968 (Ala. 2004) and Holt v. State, 960 So. 2d 726 (Ala. Crim. App. 2006) do not support the proposition

---

[2] Bester raised other claims in his Rule 32 petition but does not argue them in his brief; therefore, they are deemed to be abandoned on appeal. See Brownlee v. State, 666 So. 2d 91, 93 (Ala. Crim. App. 1995)(holding that, issues not listed and argued in appellate brief are deemed abandoned and will not be reviewed).

advanced by Bester. Arguably, therefore, the claim again is waived.

Even if the claim is not waived however, it has no merit; therefore, appellate counsel was not ineffective for failing to properly argue the claim on appeal. A claim of ineffective assistance of appellate counsel is assessed under the same two-pronged test as a claim of ineffective assistance of trial counsel. See Ex parte Dunn, 514 So. 2d 1300, 1303 (Ala. 1987)("[W]e think it clear that the Strickland standards, though expressly applying only to trial counsel, are also properly applied in the appellate context."). A meritorious claim of ineffective assistance of counsel requires a showing, first, that counsel's assistance was deficient and, second, that the deficient performance prejudiced the defendant's case. See Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), citing Strickland v. Washington, 466 U.S. 668, 693 (1984). To obtain relief on the ground of denial of effective assistance of appellate counsel, based on appellate counsel's failure to argue certain issues on appeal, a convicted defendant must "establish that his claims ... are meritorious and that, if they had been raised on direct appeal, the outcome of his

14

appeal would have been different." Payne v. State, 791 So.
2d 383, 399 (Ala. Crim. App. 1999). The claim that trial
counsel abused its discretion in declaring Bester a violent
offender and sentencing him to life without parole is not a
meritorious claim.

The court sentenced Bester under the Habitual Felony
Offender Act, specifically Section 13A-5-9(c)(3) of the
Code of Alabama:

> (c) In all cases when it is shown that a criminal
> Defendant has been previously convicted of any
> three felonies and after such convictions has
> committed another felony, he or she must be
> punished as follows:
>
> (3) On conviction of a Class A felony, where
> the defendant has no prior convictions for any
> Class A felony, he or she must be punished by
> imprisonment for life or life without the
> possibility of parole, in the discretion of the
> trial court.

Ala. Code §13A-5-9(c)(3). Trafficking cocaine is a Class A
felony. See Ala. Code §13A-12-231(12). Bester does not
deny that he had at least three prior felony convictions at
the time of his sentencing. Bester merely argues none of
his prior felonies are Class A felonies. (Bester's brief,
p. 7-8) It did not matter that his prior felonies were not
Class A, however; in fact, the trial court is granted
discretion to sentence a person to life or life without

15

parole only if the prior felonies are not Class A felonies. See Ala. Code §13A-5-9(c)(3). Because Bester clearly was facing sentencing on a Class A felony conviction, i.e., Trafficking cocaine, and at the time he had at least three prior non-Class A felony convictions, the trial court had the discretion to sentence Bester to life or life without parole. "A decision on sentencing is well within the broad discretion of the trial court. Where a trial judge imposes a sentence within the statutory range of punishment, this Court will not review that sentence." (citations omitted) Boles v. State, CR-09-0608, 2011 WL 2094778, at *7 (Ala. Crim. App. May 27, 2011).

Furthermore, the trial court did not err in exercising its discretion in this manner, and Bester has failed to show otherwise. "A judge abuses his [or her] discretion only when his [or her] decision is based on an erroneous conclusion of law or where the record contains no evidence on which he [or she] rationally could have based his [or her] decision." See Hodges v. State, 925 So. 2d 1060, 1072 (Ala. Crim. App. 2005)(quoting from State v. Jude, 686 So. 2d at 530). Bester failed to show the trial court's decision, to sentence him to life without parole as opposed

16

to life, was based on an erroneous conclusion of law, or
that there is no evidence on which the trial judge
rationally could have based this decision.  The trial judge
did not appear to have been operating under an erroneous
conclusion of law. His mistaken belief that two of Bester's
prior convictions were Class A felonies was not an
erroneous conclusion of law.  The court is asked to take
judicial notice of the trial transcript in Bester's direct
appeal in Bester, CR-08-1636, particularly pages 16 through
26 of the transcript relating to the sentencing hearing.[3]
It is clear from the trial judge's statements that he was
well aware of the law and that he had discretion to
sentence Bester to life or life without parole.
Accordingly, it cannot be said that the trial court abused
its discretion because it based its decision on an
erroneous conclusion of law.

    Nor has Bester shown an abuse of discretion because
there was no evidence on which the trial court could
rationally have based its decision.  Again, at the
sentencing hearing the trial judge explained why he was

---

[3] This Court may take judicial notice of its own records.
Tubbs v. State, 931 So. 2d 66, 68 fn.2 (Ala. Crim. App.
2005).

17

choosing to impose a life without parole sentence as
opposed to a life sentence. Of importance to the judge
was: Bester had prior offenses for shooting into an
occupied vehicle (started as attempted murder charges and
he pled to the lesser crimes; Bester used his mother's home
at which to sell/store the drugs; Bester appeared to have
been a stable in the drug selling business given the search
warrant named him, suggesting he was known as a drug dealer
to law enforcement; and, the fact that Bester was convicted
of trafficking illegal drugs, something that is destroying
communities. (See Bester, CR-08-1636, SR. 19-25.)  The
trial judge reiterated his belief in Bester's sentence at
the Rule 32 hearing, stating emphatically: "I think it was
a very wise use of my discretion (to sentence Bester to
life without parole)."  (R. 82)  The judge again noted his
belief that Bester is a violent person, citing the
discretionary aspect of this particular sentencing statute
allows courts "to protect the public from people such as
this Defendant that have a prior history of violent acts."
(R. 82)  Also, the court reemphasized the facts of
surrounding the trafficking cocaine conviction –
trafficking out of his mother's house "a dangerous

18

situation," a gun was found in the house, scales, baggies, paraphernalia. (R. 82) While the trial judge expressed its trepidation about imposing the sentence at that time, given other "horrendous" crimes where people received lesser sentences, nonetheless he believed he properly exercised his discretion in this case and sentenced Bester to life without parole. (R. 83) While Bester takes issue with the court declaring him a violent person, he cannot reasonably argue that the court had no basis for its conclusion. Bester analogizing his case to cases filed pursuant to Kirby, 899 So. 2d 968 , and Section 13A-5-9.1 of the Code of Alabama, does not benefit Bester. Under the Kirby line of cases, the trial judge's determination that a convicted offender is a violent offender is a matter of discretion. See Sanders v. State, 934 So. 2d 432, 434 (Ala. Crim. App. 2005)("Whether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal."). Further, based on the Kirby line of cases, as long as the court's conclusion that the inmate is a violent offender does not rest solely on the statutory designation of the offense as

19

a violent offense, the court's conclusion will not be second-guessed.  Holt, 960 So. 2d at 738(remanded to allow court to consider other factors other than statutory designation of crime as violent offense in determining whether inmate is violent offender for purposes of resentencing under Section 13A-5-9.1).

Accordingly, because the trial court did not abuse its discretion in imposing Bester's sentence of life without parole, Bester was not prejudiced by appellate counsel's failure to properly argue this claim on appeal.  And the circuit court properly denied Bester Rule 32 relief on the claim.

## CONCLUSION

Based on the foregoing, the judgment of the Jefferson County Circuit Court should be affirmed.

Respectfully submitted,

LUTHER STRANGE
*Attorney General*
By-


/s/Robin D. Scales
ROBIN D. SCALES
*Assistant Attorney General*

21

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of April, 2012, I electronically filed the foregoing and served a copy on the attorney for Bester, by placing the same in the United States Mail, first class, postage prepaid, and addressed as follows:

> John C. Robbins
> Robbins Law Firm
> 2031 2nd Avenue North
> Birmingham, Alabama   35203

> /s/Robin D. Scales
> Robin D. Scales
> *Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
501 Washington Avenue
Montgomery, Alabama   36130
(334) 242-7300

1322291/156531-001