CRIMINAL APPEALS NO. CR-11-0207

IN THE COURT OF CRIMINAL APPEALS
STATE OF ALABAMA

DURRELL BESTER,

Appellant, Pro se

vs.

STATE OF ALABAMA,

Appellee.

ON APPEAL FROM THE CIRCUIT COURT OF JEFFERSON COUNTY
CIRCUIT COURT CASE NO. CC-06-2771.60

APPLICATION FOR REHEARING

DURRELL BESTER, Pro se
AIS #216904
HOLMAN 3700
Atmore, Alabama 36503

SCANNED
by
DOCKET ROOM

IN THE COURT OF CRIMINAL APPEALS

CR-11-0207

DURRELL BESTER,
    Appellant, Pro se

vs

STATE OF ALABAMA,
    Appellee.

## APPLICATION FOR REHEARING

COMES NOW the Appellant, Durrell Bester, pro se in the above styled cause and pursuant to Rule 40, Alabama Rules of Appellate Procedure, respectfully moves this Honorable Court for a Rehearing and submits the following in support thereof:

1. On or about May 26, 2009, in the Circuit Court of Jefferson County, Appellant was convicted of the offenses of; (1) Trafficking in Cocaine, (2) Possession of Drug Paraphernalia, and (3) Failure to Affix Tax Stamp.

Appellant was sentenced under HFOA to a term of 'Life' without the possibility of parole.

The convictions and sentence(s) were affirmed by this Honorable Court on or about April 16, 2010, and the Supreme Court denied writ of certiorari thereafter.

2. On or about December 9, 2010, Appellant filed a Rule 32 Petition for postconviction relief from conviction(s) and sentence(s).

As grounds for postconviction relief Appellant averred in the trail court that he was denied his Sixth Amendment right to the effective assistance of counsel at trial where:

    1) Trial Counsel failed to object to the Oath not being properly administered to the Petit Jury.

    2) Trial counsel failed to move for a mistrial when a juror disclosed that she overheard spectators talking about the case.

3) Trial counsel failed to object to the trial court allowing and soliciting jurors to directly question the State's witnesses throughout the course of the trial.

4) Trial counsel deprived Appellant of his right to testify in his own defense at trial.

5) Trial counsel failed to request, and/or otherwise, to object to the trial courts failure to instruct the jury regarding the Appellant's right not to testify at trial.

As further grounds for postconviction relief Appellant averred in the trial court that he was denied his Sixth Amendment right to the effective assistance of appellate counsel on direct appeal where:

1) Appellate counsel failed to raise on direct appeal the issue of the trial court's denial of Appellant's motion for a new trial counsel, thus, depriving Appellant of his right to counsel of choice.

2) Appellate counsel failed to raise on direct appeal the issue of the trial court's denial of Appellant's motion to suppress the evidence on the grounds of an illegal search in violation of the Fourth Amendment of the U.S. Constitution.

3) Appellate counsel failed to raise on direct appeal the issue of the trial court's abuse of discretion in finding that the Appellant was a 'violent offender' at sentencing, and imposing a sentence of 'Life' without the possibility of parole upon the finding.

3. In June 2011, Appellant hired Mr. John Robbins to litigate the appeal of the Rule 32 Petition with the specific understanding that he would raise and argue each claim of the petition, as set-out herein and above.

On or about March 20, 2012, Mr. Robbins filed the 'Appellant's Brief' in this cause, however, Mr. Robbins did not raise and argue each of the postconviction claims as set-out herein and above.

On or about April 13, 2012, Appellant received a copy of the Appellant's Brief filed by Mr. Robbins. Upon realizing that Mr. Robbins had not raised and argued the issues as set-out herein and above, the Appellant terminated the services of Mr. Robbins.

-2-

4. On or about April 23, 2012, Appellant filed in this Honorable Court a "Motion To Hold Appeal In Abeyance, Notice Of Dismissal Of Appellate Counsel, And To Proceed Pro Se On Appeal."

The Attorney General did not file any objection, and/or otherwise, to Appellant's abovesaid 'motion'.

5. On or about May 7, 2012, Appellant duly filed a Pro se Brief in this Honorable Court which properly raised and argued each of the claims raised for postconviction relief as set-out herein and above,

6. On or about May 15, 2012, Presiding Judge Mary Becker Windom entered an Order denying Appellant's 'Motion To Hold Appeal In Abeyance ...'

7. On or about May 18, 2012, Appellant filed another 'Notice Of Dismissal Of Appellate Counsel And Invocation Of Right To Proceed Pro Se On Appeal.'

8. On or about May 30, 2012, Presiding Judge Mary Becker Windom entered an Order acknowledging the Appellant's right to proceed pro se on Appeal, but arbitrarily denied Appellant the right to be heard where the Court refused to allow Appellant to file a Pro se brief and properly litigate and argue his postconviction claims on appeal.

9. On June 22, 2012, this Honorable Court released it's Memorandum in this appeal affirming the judgment of the trial court based upon the single frivilous issue raised by Mr. Robbins regarding the issue of sentencing.

Accordingly, the Court did not address the Appellants ineffective assistance of trial counsel and appellate counsel as set-out herein and above.

10. Appellant moves this Honorable Court for a rehearing in this cause based upon the fact that pursuant to the Order(s) entered by Judge Mary Becker Windom, Appellant has (1) been denied meaningful access to the Court where his issues regarding ineffective assistance of trial and appellate counsel were not heard and addressed by this Honorable Court, thus Appellant avers that he was denied a meaninful appellate review, and (2) appellant has been denied his right to be heard pro se.

-3-

WHEREFORE, pleadings and premises being duly considered, the Appellant respectfully requests that this Honorable Court grant the foregoing 'Application', set aside its 'Memorandum' released on June 22, 2012, and hear the Appellant's issues raised pro se.

Respectfully submitted,

*Durrell Bester*

Durrell Bester, Pro se

-4-

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing 'Application' on the Attorney General on the 5th day of July 2012, by placing same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

Office of the Alabama Attorny General
Criminal Appeals Division
501 Washington Avene
P.O. Box 300152
Montgomery, Alabama 36130-0152

Durrell Bester, Pro se
AIS #216904
Holman UNit 3700
Atmore, Ala. 36503

-5-

Durrell Bester
AIS #216904
Holman Unit 3700/B-29
Atmore, Ala. 36503

Office of the Alabama Attorney General
Criminal Appeals Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152

36130$0152