FILED
2013-Feb-12 AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE SUPREME COURT OF ALABAMA

Supreme Court No. _____

EX PARTE: DURRELL BESTER
　　　　　　　Petitioner-Appellant,

vs.

STATE OF ALABAMA
　　　　　　　Respondent-Appellee.

---

ON APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT
CIRCUIT COURT CASE NO. CC-08-3771.60

---

PETITION FOR WRIT OF CERTIORARI
TO THE ALABAMA COURT OF CRIMINAL APPEALS
CRIMINAL APPEALS NO. CR-11-0207

---

　　　　　　　　　　　　　　　　DURRELL BESTER, Pro se
　　　　　　　　　　　　　　　　AIS #216904
　　　　　　　　　　　　　　　　Holman Corr. Fac.
　　　　　　　　　　　　　　　　Holman 3700
　　　　　　　　　　　　　　　　Atmore, Alabama 36503-3700

IN THE SUPREME COURT OF ALABAMA

Ex Parte DURRELL BESTER,
    Appellant,

vs                                    Supreme Court No. _____

STATE OF ALABAMA,
    Appellee.

## PETITION FOR WRIT OF CERTIORARI
## TO THE COURT OF CRIMINAL APPEALS

TO THE SUPREME COURT OF ALABAMA:

    Comes now your Petitioner, Durrell Bester, Pro se, and petitions this Honorable Court for a Writ of Certiorari to issue to the Court of Criminal Appeals in the above-styled cause under Rule 39, ARAP, and shows the following:

1. On or about May 26, 2009, in the Circuit Court of Jefferson County, Petitioner was convicted of the offenses of: (1) Trafficking in Cocaine; (2) Possession of Drug Paraphernalia; and (3) Failure to Affix Tax Stamp.

    The convictions and sentences were affirmed by the Court of Criminal Appeals on or about April 16, 2010.

2. On or about December 9, 2010, Petitioner filed a Rule 32 Petition For Postconviction Relief in the trial court. The court denied the petition on or about June 21, 2011.

    Petitioner filed timely 'Notice of Appeal' and the Alabama Court of Criminal Appeals affirmed the judgment on June 22, 2012.

    An 'Application For Rehearing' was filed on July 5, 2012, and overruled on July 20, 2012.

3. A copy of the opinion of the appellate court is attached to this petition which shows the Court of Criminal Appeals case to be Number CR-11-0207.

-1-

4. Pursuant to Rule 39(d)(5), A.R.A.P., the following is a verbatim copy of the 'Statement of Facts' presented to the Court of Criminal Appeals upon application for rehearing:

On or about May 26, 2009, in the Circuit Court of Jefferson County, Appellant was convicted of the offenses of: (1) Trafficking in Cocaine; (2) Possession of Drug Paraphernalia, and (3) Failure to Affix Tax Stamp.

Appellant was sentenced under the Habitual Felony Offender Act to a term of 'Life' without the possibility of parole.

The convictions and sentence(s) were affirmed by the Court of Criminal Appeals on or about April 16, 2010, and the Supreme Court denied writ of certiorari thereafter.

On or about December 9, 2010, Appellant filed a Rule 32 Petition for postconviction relief from convictions and sentences. As grounds for postconviction relief Appellant averred in the trial court that he was denied his Sixth Amendment Right to the effective assistance of counsel at trial where:

  1) Trial counsel failed to object to the Oath not being properly administered to the Petit Jury.
  2) Trial counsel failed to move for a mistrial when a juror disclosed that she had overheard spectators talking about the case.
  3) Trial counsel failed to object to the trial court allowing and soliciting jurors to directly question the State's witnesses throughout the course of the trial.
  4) Trial counsel deprived Appellant of his right to testify in his own defense at trial.
  5) Trial counsel failed to request, and/or otherwise to object to the trial courts failure to instruct the jury regarding the Appellant's right not to testify at trial.

As further grounds for postconviction relief Appellant averred in the trial court that he was denied his Sixth Amendment Right to the effective assistance of appellate counsel on direct appeal where:

  1) Appellate counsel failed to raise on direct appeal the issue of the trial court's denial of Appellant's motion for a new trial counsel, thus, depriving Appellant of his right to counsel of choice.

-3-

2) Appellate counsel failed to raise on direct appeal the issue of the trial court's denial of Appellant's motion to suppress the evidence on the grounds of an illegal search in violation of the Fourth Amendment of the U.S. Constitution.

3) Appellate counsel failed to raise on direct appeal the issue of the trial court's abuse of discretion in finding that the Appellant was a 'violent offender' at sentencing, and imposing a sentence of 'Life' without the possibility of parole based upon the finding.

In June 2011, Appellant hired Mr. John Robbins, to litigate the appeal of the Rule 32 Petition to the Court of Criminal Appeals with the specific understanding that he would raise and argue each of the claims of the petition, as set-out herein and above.

On or about March 20, 2012, Mr. Robbin's filed the 'Appellant's Brief' in this cause, howevere, Mr. Robbins did not raise and argue each of the postconviction claims as set-out herein and above. On the contrary, Mr. Robbins only raised and argued the issue regarding the trial court's abuse of discretion in finding that the Appellant was a 'violent offender' at sentencing, and imposing a sentence of 'Life' without the possibility of parole based upon the finding.

On or about April 13, 2012, Appellant received a copy of the 'Appellant's Brief' filed by Mr. Robbins. Upon realizing that Mr. Robbins had not raised and argued the issues as set-out herein and above, the Appellant terminated the services of Mr. Robbins.

On or about April 23, 2012, Appellant filed in the Court of Criminal Appeals a "Motion To Hold Appeal In Abeyance, Notice Of Dismissal Of Appellate Counsel, And To Proceed Pro se On Appeal."

The Attorney General did not file any objection, and/or otherwise any response to the Appellant's abovesaid 'motion.'

On or about May 7, 2012, Appellant duly filed a Pro se Brief in the Court of Criminal Appeals which properly raised and argued each of the claims raised for postconviction relief in the trial court as set-out herein and above.

-3-

On or about May 15, 2012, Presiding Judge Mary Becker Windom, entered an Order denying Appellant's "Motion To Hold Appeal In Abeyance."

On or about May 18, 2012, Appellant filed another "Notice Of Dismissal of Appellate Counsel And Invocation Of Right To Proceed Pro se On Appeal."

On or about May 30, 2012, Presiding Judge Mary Becker Windom, entered an Order acknowledging the Appellant's right to proceed pro se on appeal, but arbitrarily denied Appellant the right to be heard where the Court refused to allow Appellant the right to file a Pro se Brief and properly litigate and argue his postconviction claims on appeal.

On June 22, 2012, the Court of Criminal Appeals released it's "Memorandum" in the appeal, affirming the judgment of the trial court based upon the single issue raised by Mr. Robbins regarding the issue of the trial court finding that Appellant was a 'violent offender' and imposing a sentence of 'Life' without the possibility of parole.

Accordingly, the Court did not address the Appellant's ineffective assistance of trial and appellate counsel claims as set-out herein and above.

Appellant move[d] the Court of Criminal Appeals for a Rehearing based upon the fact that, pursuant to the Order(s) entered by Presiding Judge Mary Becker Windom, Appellant was (1) denied meaningful access to the Courts where his issues regarding ineffective assistance of trial and appellate counsel were not heard, and/or otherwise addressed by the Court, thus, Appellant averred that he was denied a meaningful appellate review, and (2) appellant has been arbitrarily denied his right to be heard pro se.

9. Petitioner alleges as grounds for the issuance of the writ the following:

(1) The basis for this petition for the writ is that the appellate court denied the Petitioner:

    (a) The right to be heard (pro se) on appeal;
    (b) "Meaningful access to the appellate court" and a "meaningful appellate review" of each of his substantive postconviction relief claims of ineffective assistance of counsel.

-4-

Petitioner avers that the writ should issue in this cause where, on or about May 29, 2012, Mary Becker Windom, Presiding Judge of the Court of Criminal Appeals entered an Order that in effect:

1) Denied the Petitioner the right to be heard pro se on appeal,
2) Denied Petitioner "meaningful access to the appellate court" and a "meaningful appellate review" of each of his substantive postconviction claims of ineffective assistance of trial and appellate counsel.

Accordingly, the Order entered May 29, 2012, stated in relevant part that:

" ... it is ORDERED that Mr. John C. Robbins is allowed to withdraw on appeal, ... Thus, the appellant is proceeding pro se on appeal."

"This appeal has been submitted for review and this Court will not accept the filing of new briefs and that the briefs previously filed in this case may not be amended. Thus it is ORDERED that the appellant's pro se brief filed with this court on May 7, 2012, be returned to the appellant. Appellant is further notified that this Court will not entertain any additional briefs filed by the appellant in this case."

Petitioner avers that Judge Mary Becker Windom arbirarily denied him the right to be heard pro se in the appeal where she Ordered that his Pro se Brief be returned ... and that the Court would not entertain any brief filed by him.

Judge Windom's Order was contrary to reason in this cause where, although the Court acknowledged that Appellant was proceeding pro se, the Court nevertheless refused to hear any argument raised by the Appellant.

Petitioner avers that, "meaningful access to the courts" (including)the State appellate courts), is a fundamental right within the protection of the First and Fourteenth Amendments of the United States Constitution. See; Bounds v. Smith, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct. 1491 (1976).

In the case of Ex Parte Ward, 957 So.2d 449 (Ala. 2006), this Honorable Court held in relevant part; "[a]lthough ... courts, in regulating the activities of abusive litigants, may impose restrictions

under appropriate circumstances, these restrictions cannot deny the litigant meaningful access to the courts."

Petitioner avers that the Alabama Constitution of 1901, Art. I, § 6, guarantees a person the right to be heard by himself and counsel, or either.

In this appeal, Petitioner invoked his right to proceed pro se, and to be heard pro se, as a matter of right, when he informed the appellate court that he had terminated the services of Mr. John C. Robbins, because of his failure to properly raise and argue each of the postconviction claims raised in the trial court, as he had been retained and paid to do by the Petitioner. Mr. Robbins was not appointed to represent Petitioner on the appeal by the trial court. He was retained and paid by the Petitioner to perform specific services and he breached the contract when he failed to do so.

Thus, Petitioner avers that he was forced to proceed pro se on appeal in an effort to have the court hear his substantive claims of ineffective assistance of trial and appellate counsel.

Nevertheless, Judge Windom denied Petitioner the right to be heard, and, although acknowledging that he was proceeding pro se. Judge Windom thus abused her discretion in denying Petitioner the right to file a pro se brief which properly set-out his arguments for postconviction relief as averred in the trial court.

Accordingly, due to Judge Windoms's arbitrary actions, Petitioner avers that he was denied his right to be heard; his right to meaningful access to the appellate court; and a meaningful appellate review on appeal, where the appellate court adjudicated the appeal on the single issue raised by Mr. Robbins, who had been terminated.

In Ex Parte Scudder, 789 So.2d 837 (Ala. 2001), this Honorable Court held:

"In Alabama, the right to appeal a conviction is specifically provided for in §12-22-130, Ala. Code 1975:

"A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court." The right of an indigent appellant to have the assistance of counsel is also statutory. Section 15-12-22, Ala. Code 1975, reads, in pertinent part:

"(b) If it appears that the defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and the defendant expresses the desire for assistance of counsel, the court shall appoint counsel to represent and assist the defendant on appeal."

These Code sections do not require that an appellant in a criminal case proceed with his appeal through counsel. Section 12-22-130 states that "a person ... may appeal" and not that "a person may appeal through counsel."

We conclude that, taken together, §§ 12-22-130, and 15-12-22(b) confer upon a defendant in a criminal case the right to represent himself on appeal if he desires to do so. Accordingly, we hold that while an appellant in a criminal case does not have a constitutional right to represent himself ..., he does have a statutory right to do so.

This Honorable Court furthermore noted in Ex Parte Scudder, supra, that; "Section 34-3-19, Ala. Code 1975, appears as part of Chapter 3 of Title 34; Chapter 3 relates to attorneys-at-law. That section states:

"The provisions of this article shall not be construed to prevent any person from conducting or managing his own case in any court in this state."

However, § 34-3-19 does not create a right; it limits Title 34 ("Professions and Businesses"), Chapter 3 ("Attorney-At-Law"), Article 1 ("General Provisions"). The effect of §34-3-19 is to provide that nothing in the general statutory provisions governing attorneys-at-law shall in any way hinder the rights, either statutory or constitutional, regarding self-representation.

Petitioner avers that in order for the appellate court to afford him his statutory, and/or otherwise constitutional rights to self-representation; and the right to be heard on appeal; and a meaningful appellate review, the appellate court had to allow Petitioner to file his pro se appellant brief, raising and arguing his substantive claims of ineffective assistance of trial and appellate counsel, and to furthermore adjudicate the appeal on the merits of petitioner's pro se arguments and claims.

Acordingly, Petitioner avers that where the appellate court denied him the right to file a pro se appellant brief, and addressed and adjudicated the appeal solely upon the issue raised by terminated appellate counsel, the Court, in effect, denied Petitioner the right to self-representation; the right to be heard; the right to access to the Court; and the right to a meaningful appellate review.

Thus, the Court of Criminal appeals decision was contrary to clearly established law, as held by this Honorable Court, and the United States Supreme Court as duly shown herein and above.

## CONCLUSION

WHEREFORE, pleadings and premises being duly considered, Petitioner respectfully requests that after a preliminary examination, the writ of certiorari be granted and that this Court proceed under its rules to review the matters complained of, and to reverse the judgment of the Court of Criminal appeals, and for such other relief as Petitioner may be entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30TH day of July 2012, I duly served a true and correct carbon copy of this petition on the Alabama Attorney General and the Court of Criminal Appeals by placing same in the U.S. Mail, first-class postage prepaid, and properly addressed as follows:

Office of the Alabama Attorney General
Criminal Appeals Division
501 Washington Avenue
P.O. BOX 300152
Montgomery, Alabama 36130-0152

Court Clerk
Alabama Court of Criminal Appeals
300 Dexter Avenue
P.O. BOX 301555
Montgomery, Alabama 36130-1555

Durrell Baxter, Pro se
AIS #216904
Holman Unit 3700
Atmore, Alabama 36503

DURRELL BESTER
AIS #216904
Holman Unit 3700/B-29
Atmore, Alabama 36503

OFFICE OF THE ALABAMA ATTORNEY GENERAL
CRIMINAL APPEALS DIVISION
501 Washington Avenue
P.O. BOX 300152
Montgomery, Alabama 36130-0152

LEGAL MAIL ONLY

36130+0152