IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DURRELL BESTER,                          )
                                         )
          Petitioner,                    )
                                         )
vs.                                      )        Case No. 2:12-cv-3974-RDP-TMP
                                         )
TONY PATTERSON, Warden; and the          )
ATTORNEY GENERAL                         )
OF THE STATE OF ALABAMA,                 )
                                         )
          Respondents.                   )


## REPORT AND RECOMMENDATION

This action was filed by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging his convictions in the Jefferson County Circuit Court for trafficking in cocaine, possession of drug paraphernalia, and failure to affix a tax stamp. The petitioner, Durrell Bester, is incarcerated at the Holman Correctional Facility in Atmore, Alabama. He filed his *pro se* petition for writ of *habeas corpus* on November 26, 2012.[1] In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

---

[1]     Although the petition was filed in this court on November 29, 2012, it was signed and dated by petitioner on November 26, 2012. Under the "prison mailbox rule," the motion is deemed filed on the day it was signed and delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Thus, it is the date on which the petition was signed that the court recognizes as the filing date.

## I.  PROCEDURAL HISTORY

On April 8, 2009, following a jury trial in the Circuit Court of Jefferson County, Alabama, petitioner was convicted of trafficking in cocaine in violation of <u>Alabama Code</u> §13A-12-231, possession of drug paraphernalia in violation of <u>Alabama Code</u> § 13A-12-260, and failure to affix a tax stamp in violation of <u>Alabama Code</u> § 40-17A-4. On May 26, 2009, he was sentenced as a habitual offender to life in prison without the possibility of parole for drug trafficking, 15 years in prison for the tax stamp conviction, and 12 months for the possession charge, with all sentences to run concurrently.  He was represented at trial and sentencing by William Benson.

Petitioner appealed his convictions to the Alabama Court of Criminal Appeals.  He was represented on appeal by Martin Weinberg.  He asserted that (1) the trial court erred in denying his motion for acquittal based upon insufficiency of the evidence that he possessed the drug, (2) his trial counsel rendered ineffective assistance in failing to renew a motion to suppress at the end of trial after evidence indicated the search may have been invalid, and counsel failed to "communicate properly" with petitioner prior to trial, and (3) the trial court erred in imposing a sentence of life without parole in the absence of evidence that he was a violent offender.  The Alabama Court of Criminal Appeals affirmed by memorandum opinion dated April 16, 2010.  (Doc. 9-8, Ex. D).  He sought rehearing, which was overruled.  He did not seek review in the Alabama Supreme Court.  A certificate of judgment was issued on June 23, 2010.

On December 9, 2010, petitioner filed a petition pursuant to Alabama Rule of Criminal Procedure 32, asserting (1) that his trial counsel rendered ineffective assistance in that he (a) failed to object to the petit jury not being sworn in accordance with Alabama law; (b) failed to request a

mistrial based upon the possibility that jurors heard spectators discussing petitioner's prior convictions; (c) failed to object to the trial court's solicitation of questions from jurors to a witness; (d) refused to allow petitioner to testify; and (e) failed to request a jury instruction regarding defendant's election not to testify.  He further asserted (2) that he received ineffective assistance of appellate counsel in that his attorney (a) failed to raise the issue of the trial court's refusal to appoint new counsel; (b) failed to raise the issue of denial of his motion to suppress; and (c) failed to raise the issue of the court's determination that he was a violent offender. The trial court held an evidentiary hearing on the Rule 32 petition, at which petitioner was represented by John Robbins. At the hearing, Robbins argued only two grounds: that petitioner's counsel did not allow petitioner to testify at trial, and that the trial court abused its discretion in imposing a sentence of life without the possibility of parole.[2]  The trial court specifically found that all of the claims raised, including those not discussed during the hearing, were without merit.[3]  Petitioner appealed to the Alabama Court of Criminal Appeals, still represented by Robbins.  The appellate brief filed by Robbins asserted that the trial court erred in denying his Rule 32 petition on grounds that the court abused its

_____

[2]     Respondents assert that the other claims raised in the *pro se* petition were, therefore, abandoned by the failure to raise them at the hearing.  The court did not, however, treat them as abandoned, but discussed them on the merits.  (Doc. 9-12, pp. 11-12).

[3]     In spite of the fact that counsel stated that he would not address all of the grounds that had been set forth in the *pro se* Rule 32 petition, the trial court spoke to the merits of all of the claims as they were construed by the court.  The trial court discussed the claims, asserted there as claims of ineffective assistance of appellate counsel (Claims 2(a)-(c)), as substantive claims: whether the court improperly denied petitioner's motion to continue that was based on the petitioner's request for new counsel, improperly denied the motion to suppress, and abused its discretion by imposition of a sentence of life without the possibility of parole.  Of course, if the substantive claims have no merit, there can be no meritorious claim of ineffective assistance for the attorney's failure to raise the claims on appeal.

3

discretion in finding that the petitioner was a violent offender, and because his attorneys at trial and on appeal rendered ineffective assistance in that they failed to challenge the court's imposition of a sentence of life without the possibility of parole based upon the court's finding that petitioner was a violent offender.  The brief, filed by counsel, was filed March 20, 2012.  (Doc. 9-13, Ex. I).  The state filed its brief on April 17, 2013.  (Doc. 9-14, Ex. J).  On April 23, 2012, petitioner filed a *pro se* motion in the appellate court entitled "Motion to Hold Appeal in Abeyance, Notice of Dismissal of Appellate Counsel, and to Proceed on Appeal Pro Se."  Petitioner filed a second brief,  *pro se*, on May 7, 2012, which set forth all of the claims raised in his Rule 32 petition.  (Doc. 9-21, Ex. Q).  The Alabama Court of Criminal Appeals, in an order dated May 14, 2012, denied the motion to hold the appeal in abeyance, and stated: "This Court will not accept the filing of new briefs and the briefs previously filed in this case may not be amended."  (Doc. 9-20, Ex. P.)  The court further stated: "Additionally, the appellant is placed on notice that until this Court receives something from the appellant in writing indicating that he wishes for his attorney to withdraw and for the appellant to be allowed to proceed pro se, John Robbins will continue to serve as the appellant's court-appointed attorney in this appeal."  Id.  The Alabama Court of Appeals affirmed on June 22, 2012, stating, in pertinent part:

> Counsel cannot be ineffective for not making a baseless objection.  See e.g., Bearden v. State, 825 So. 2d 868, 872 (Ala. Crim. App. 2001). ... Because Bester's sentence was within the range allowed by law, and because the sentencing judge stated that Bester's conduct lead [sic] the court to find Bester to be a violent offender, trial counsel was not ineffective for failing to challenge Bester's sentence.  Even if trial counsel had not challenged the sentence Bester cannot show prejudice.  Therefore, appellate counsel was not ineffective for failing to obtain relief on this claim on direct appeal.

(Doc. 9-15, Ex. K, pp. 5-6).  He sought rehearing, acting *pro se*, which was overruled.  He sought review in the Alabama Supreme Court, which denied his petition for writ of *certiorari* on September 14, 2012.

On November 26, 2012, petitioner filed the instant *pro se* petition for writ of *habeas corpus*, asserting that (1) he was denied effective assistance of counsel at trial in that his attorney: (a) failed to object to the court's failure to administer an oath to the petit jury as required by Alabama statute; (b) failed to request a mistrial based upon the possibility that jurors heard spectators discussing issues relating to the defendant's prior convictions; (c) failed to object to the trial court's solicitation of questions from jurors to a witness; (d) refused to allow petitioner to testify and failed to request a jury instruction regarding defendant's election not to testify; and (e) failed to file a motion to suppress evidence regarding the cocaine attributed to petitioner; and (2) that the evidence was insufficient to support the convictions.  Pursuant to the court's order to show cause, and after seeking and receiving an extension of time, respondents filed an answer, supported by exhibits, on February 12, 2013, asserting that the petition is due to be dismissed because the claims are procedurally defaulted.  (Doc. 9).  By order dated March 28, 2013, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing § 2254 Cases.  Petitioner filed a motion for an extension of time to file a response, which was granted.  Petitioner filed a response on May 3, 2013.

## II.  DISCUSSION

### A.  Procedural Default

The respondents assert that petitioner's claim relating to the sufficiency of the evidence is due to be dismissed as procedurally defaulted because the claim, raised in the direct appeal, was never presented in a petition for writ of *certiorari* to the Alabama Supreme Court.  The respondents further assert that the ineffective-assistance-of-counsel claims, raised in the Rule 32 petition, also are procedurally defaulted because they were not included in any properly filed brief offered in support of a petition for writ of *certiorari* to the Alabama Supreme Court.

The Supreme Court has determined that failure to seek such discretionary review precludes this court from examining the petitioner's claims on the merits.  O'Sullivan v. Boerckel, 119 S. Ct. 1728, 526 U.S. 838, 144 L. Ed. 2d 1 (1999).  It is well settled that before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court.  Exhaustion requires the state prisoner to give the state courts a full and fair opportunity to act on his claims before he presents them to a federal court through a *habeas* petition.  Boerckel, 119 S. Ct. at 1731; 28 U.S.C. § 2254(b)(1).  The question of which state remedies must be invoked in order to satisfy the exhaustion requirement, which had been the subject of a conflict in the federal Courts of Appeals, was definitively settled by the Supreme Court in Boerckel.

In Boerckel the court examined the *habeas* petition of an Illinois state prisoner who had appealed his claims to the Appellate Court of Illinois, but had failed to seek *certiorari* to the Illinois Supreme Court. Id. The court examined the language of § 2254(c), which requires the prisoner to present his claims to any state court in which "he has the right under the law of the State to raise, by any available procedure, the question presented." Id. at 1732. Because Illinois had established a two-tiered appellate review system in which prisoners have the right to present their claims to the highest court, albeit through a discretionary review procedure, the court found that the prisoner could not assert that review in the Illinois Supreme Court was "unavailable" to him. Id. at 1732-33. Similarly, Alabama offers a two-tiered system of appellate review. As in Illinois, access to the higher court of the state is available only at the court's discretion. However, just as in Boerckel, the petitioner in the instant case has offered no explanation as to why this review was "unavailable" to him. Consequently, in keeping with the requirement made clear in Boerckel, a petitioner seeking *habeas* review in federal court must first file a petition for discretionary review with the Alabama Supreme Court. See id. at 1733.

The Eleventh Circuit Court of Appeals has applied the Boerckel ruling and has explained its similarity to the case at bar. In Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), the appellate court noted:

> The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established. *Id*. at 848-49, 119 S. Ct. at 1734; *see also Coleman v.*

7

*Thompson*, 501 U.S. 722, 750-51, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991). That is what happened to Boerckel.  He actually did file a state discretionary review petition, but he left out of it three of the federal constitutional issues that he later included in his federal habeas petition.  *Boerckel*, 526 U.S. at 840-42, 119 S. Ct. at 1730-31.  By the time Boerckel got to federal habeas, it was too late for him to go back and include those three issues in the long-since denied petition for discretionary review he had filed with the supreme court.  What Boerckel's failure to take full advantage of his state discretionary review remedies meant, the Supreme Court held, is that he had failed to exhaust his state remedies as to those three federal constitutional issues, and his failure to exhaust had matured into a procedural default as soon as the once available remedy was closed.  *Id*. at 848, 119 S. Ct. at 1734.

Smith, 256 F. 3d at 1138.

### 1.  Sufficiency of the Evidence

The petitioner at bar failed to file any petition for discretionary review with respect to his claim that the evidence was insufficient to support his convictions.  There is no dispute that the opportunity to seek the discretionary review no longer is available to the petitioner.   As a result, petitioner's failure to present the claim he now asserts in this court to the Alabama Supreme Court in his direct appeal resulted in a procedural default of those claims.  See Boerckel, 119 S. Ct. at 1734.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating it in a federal *habeas corpus* proceeding unless he can show adequate "cause" for and "actual prejudice" from the default.  Wilson v. Jones, 902 F.2d 923, 925 (11th Cir. 1990); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); Wainwright v. Sykes, 433 U.S. 71, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  The "cause and prejudice" test of Engle v. Isaac and Wainwright

v. Sykes is in the conjunctive; therefore, petitioner must prove both cause and prejudice.  The United

States Supreme Court summarized the "cause" standard in the following manner:

> In Wainwright v. Sykes, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of Francis v. Henderson, supra, for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court.  The Sykes Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the `cause-and -prejudice' standard."  433 U.S. at 87.  Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause.  In Reed v. Ross, 468 U.S. 1 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, id. at 13-14, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met."  Id. at 14.  The Court later elaborated upon Ross and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... would constitute cause under this standard."  Ibid.  (Citations omitted.)

Amadeo v. Zant, 486 U.S. 214, 221-22, 108 S. Ct. 1771, 100 L. Ed. 2d 249 (1988).

The petitioner also must demonstrate that he was prejudiced; he must show "not merely that

the errors ... created a possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v.

Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)(emphasis in original).  A federal

habeas court, however, will consider a procedurally defaulted claim in the absence of cause if a

"fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually

innocent." Smith v. Murray, 477 U.S. 527, 537-38, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)

(quoting, respectively, Engle, 456 U.S. at 135, and Murray, 477 U.S. at 496).

The petitioner argues in his response that there is cause to excuse his procedural default

because he was "abandoned by court-appointed counsel on direct appeal, at a critical time in the state

appellate process." (Doc. 13, p. 8). An attorney's failure to recognize a claim or to raise a claim on

appeal does not constitute cause for a procedural default except where the attorney's ineffectiveness

was so extreme as to violate the petitioner's constitutional rights. Murray v. Carrier, 477 U.S. at

488-89. In such a case, the attorney's failure to raise the claim is itself an independent constitutional

claim which must have been presented to the state courts, or it also is subject to the procedural

default. Edwards v. Carpenter, 529 U.S. 445, 452-54, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000).

In this case petitioner raised some issues of ineffective-assistance in his Rule 32 petition, but

he did not raise his attorney's failure on direct appeal to seek *certiorari* review; therefore, that failure

cannot now constitute cause to excuse the procedural default. Accordingly, petitioner has failed to

demonstrate "cause and prejudice," and the claim that the evidence was insufficient to support his

conviction (Claim 2) is due to be dismissed as procedurally defaulted.[4]

---

[4]    Even if the claim were not procedurally defaulted, it would be due to be dismissed on the
merits. The federal courts play a limited role in weighing the constitutional sufficiency of evidence
in a state criminal prosecution. See Martin v. State, 730 F.2d 721, 724 (11th Cir. 1984). The sole
question to be determined when a state prisoner seeks federal *habeas* relief on the ground that the
evidence at his trial was insufficient is "whether, after viewing the evidence in the light most
favorable to the government, any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt." Smith v. White, 815 F.2d 1401, 1403 (11th Cir.), cert. denied,
485 U.S. 863 (1987), citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560
(1979). When presented with conflicting testimony, a federal habeas court must presume that the
trier of fact resolved the conflict in favor of the prosecution. Machin v. Wainwright, 758 F.2d 1431
(11th Cir. 1985). In other words, the federal courts must defer to the judgment of the jury in
assessing the credibility of the witnesses and weighing the evidence. See Jackson, 443 U.S. at 326;

2.  Ineffective Assistance of Counsel

Petitioner's claims of ineffective assistance of counsel were raised in his Rule 32 petition, from which he appealed to the Alabama Court of Criminal Appeals, where the claims were not raised in the brief filed by counsel and accepted by the court.  The claims were raised, however, in the brief petitioner attempted to file *pro se*, which was rejected by the appellate court.  The appellate court did not refuse to accept the brief based upon any time limitation or any cited rule.  The court did not cite any reason why the petitioner's motion, which explicitly stated that he did not wish to be represented by Robbins and did wish to proceed *pro se*, was due to be denied.

The court does not accept the respondents' assertion that the ineffective-assistance claims are procedurally barred because the petitioner failed to appeal those claims.  It appears that the petitioner did everything within his power to raise his ineffective-assistance claims.  He included them in his *pro se* Rule 32 petition.  He then retained an attorney "with the specific understanding that [the attorney] would raise and argue each of the claims of the Rule 32 Petition on appeal." (Doc. 13, p. 2).  Upon learning that counsel had not asserted the claims on appeal, which he discovered only upon receipt of a copy of the brief after it had been filed, he filed a motion to dismiss his attorney and to proceed *pro se*, reciting that this attorney had failed to raise those issues.  Finally, he filed a brief that asserted those ineffective-assistance claims.  The Alabama Court of Appeals denied the motion and refused to consider the *pro se* brief.

---

Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987).  The evidence presented at trial, if believed, supported the jury's determination that the drugs found in the consensual search of petitioner's mother's bedroom belonged to the petitioner, and were being sold by petitioner.

In a case with virtually identical facts, the Eleventh Circuit Court of Appeals found that claims a petitioner attempted to raise after his attorney failed to do so were not procedurally barred in a federal *habeas* action.   In Hitchcock v. Secretary of the Department of Corrections, the court declined to find a procedural default against a *habeas* petitioner who sought to raise claims he had brought in his Florida state court post-conviction proceeding (a process similar to Alabama's Rule 32 procedure), but which his attorney had "refused to appeal."  360 Fed. Appx. 82, 84 (11ᵗʰ Cir. 2010).  Petitioner sought permission from the state appellate court to file a supplemental brief *pro se*, raising the omitted claims, or to order his attorney to do so, but his motion was denied.

The decision in Hitchcock rests upon the well-established rule that federal review is not foreclosed where the state procedural rule invoked to bar petitioner's claims is not "adequate."  The court explained:

> In order for a claim to be procedurally defaulted in federal court, the state court rule of procedure barring state court review must be both "independent of the federal question and adequate to support the [state-court] judgment." *Cone v. Bell*, --- U.S. ----, 129 S. Ct. 1769, 1780, 173 L. Ed. 2d 701 (2009) (quoting *Coleman*, 501 U.S. at 729, 111 S. Ct. 2546); see also *Harris v. Reed*, 489 U.S. 255, 260, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989). Furthermore, the independence and adequacy of the state rule of procedure that bars federal habeas review "is itself a federal question." *Lee v. Kemna*, 534 U.S. 362, 375, 122 S. Ct. 877, 151 L. Ed. 2d 820 (2002) (emphasis added) (quoting *Douglas v. Alabama*, 380 U.S. 415, 422, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965)). "[F]ederal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." *Cone*, 129 S. Ct. at 1780 (quoting *Coleman*, 501 U.S. at 736, 111 S. Ct. 2546).
>
> In order to be "adequate" to bar federal habeas review of a constitutional claim, the state procedural rule must be "firmly established and regularly followed." *James v. Kentucky*, 466 U.S. 341, 348-49, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984); *Payne v. Allen*, 539 F.3d 1297, 1312-13 (11th Cir. 2008). The state's application of a procedural bar "must be faithfully and regularly applied, and must not be manifestly

unfair in its treatment of a petitioner's federal constitutional claim." *Card v. Dugger*, 911 F.2d 1494, 1516-17 (11th Cir.1990) (citation and quotation omitted). The faithful and regular application of a firmly established rule provides the due process notice necessary for the application of the rule to bar federal review of a claim raised in violation of the rule. *Lee*, 534 U.S. at 389, 122 S. Ct. 877. Ordinarily, violation of such "firmly established and regularly followed" state procedural rules will be adequate to foreclose review of the federal claim. Id.

The Court has instructed us to disregard, however, state procedures that are neither firmly established nor regularly followed. In two cases, where the rule asserted to bar state court review was not codified, the Court refused to find the rule adequate to bar federal review. *James*, 466 U.S. at 351, 104 S. Ct. 1830 (reversing dismissal of claim where barred by Kentucky case law rule requiring request for "admonition" rather than "instruction"); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 457-58, 78 S. Ct. 1163, 2 L. Ed. 2d 1488 (1958) (reversing dismissal of claim barred by Alabama case law rule requiring review by mandamus rather than the requested certiorari). In *James,* the rule, was not "clear," 466 U.S. at 346, 104 S. Ct. 1830, and in *Patterson,* the "petitioner could not fairly be deemed to have been apprised of [the rule's] existence." 357 U.S. at 457, 78 S. Ct. 1163.

Furthermore, the Court has instructed that a rule is not "regularly followed" if it is not consistently applied and enforced. *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S. Ct. 1981, 100 L. Ed. 2d 575 (1988); see also *Maples v. Allen,* 586 F.3d 879, 888 (11th Cir.2009). A state rule that is applied in an "arbitrary or unprecedented fashion," is not adequate to bar federal review. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). Finally, there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate" to bar adjudication of the federal claim. *Lee,* 534 U.S. at 376, 122 S. Ct. 877 (citing *Davis v. Wechsler*, 263 U.S. 22, 24, 44 S. Ct. 13, 68 L. Ed. 143 (1923)).

Hitchcock, 360 Fed. Appx. at 85. In declining to impose a procedural bar upon the petitioner in

Hitchcock, the court noted that no state rule of appellate procedure, no published procedure or rule,

and no published opinions from the court forbade the filing of a *pro se* brief. The court further

relied on binding Fifth Circuit precedent which stated that a *pro se* brief, filed by a petitioner who

was represented by counsel, was sufficient "presentation" to meet the jurisdictional requirements of

§ 2254.  360 Fed. Appx. at 86, citing <u>McBride v. Estelle</u>, 507 F.2d 903, 904 (5th Cir. 1975).[5]   In

concluding that the petitioner in Hitchcock was not procedurally barred from presenting his claims,

the court noted:

> Finally, even if there were a Florida DCA rule prohibiting pro se briefs by counseled
> petitioners, its application on the facts of this case would be "exorbitant," see *Lee*,
> 534 U.S. at 376, 122 S. Ct. 877, and pointlessly severe. See *NAACP v. Alabama ex
> rel. Flowers*, 377 U.S. 288, 297, 84 S. Ct. 1302, 12 L. Ed. 2d 325 (1964). Hitchcock
> did everything he could to exhaust his federal claims in the state courts. Rejection of
> them now would work an injustice.

360 Fed. Appx. at 87.

In this case, the petitioner asserts that he told his attorney to raise all of his claims.  The

attorney failed or refused to do so.  Petitioner did not see the brief until after it was filed, and

immediately notified the court that he wished to dismiss counsel and to file a *pro se* brief that

contained all the claims he had raised in the trial court petition.  The court finds that petitioner, like

the petitioner in <u>Hitchcock</u>, did everything he could do to present his claims through the appellate

process.  The appellate court rejected his brief, but failed to explicitly cite any procedural ground

for the action.  Whatever "rule" the appellate court employed is not, therefore, "adequate" and any

application of the rejection of the brief is, in this case, "exorbitant."  Accordingly, the court finds

that the claims of ineffective-assistance, set forth herein as Claims 1(a)-(e), are not procedurally

---

[5]   In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981)(*en banc*), the Eleventh
Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior
to October 1, 1981.

defaulted.   The claims were, however, adjudicated on the merits in the state court, and will be examined, *infra,* applying the deference required under AEDPA.

### B.  Claims Adjudicated on the Merits in State Court

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petitioner can obtain relief on his ineffective-assistance-of-counsel claims only if he shows that the state court's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1) and (2).   See Williams v. Taylor,  529 U.S. 362, 404, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).  This standard of review is strict, and federal courts are required to give "greater deference to the determinations made by state courts than they were required to under the previous law." Verser v. Nelson, 980 F. Supp. 280, 284 (N.D. Ill. 1997)(quoting Spreitzer v. Peters, 114 F.3d 1435, 1441 (7th Cir. 1997)).

The state-court determination of an issue will be sustained under § 2254(d)(1) unless it is "contrary" to clearly established, controlling Supreme Court law or is an "unreasonable application" of that law.   These are two different inquiries, not to be confused.   The Supreme Court has explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the

15

relevant state-court decision was either (1) "*contrary to ...* clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of ...* clearly established Federal law, as determined by the Supreme Court of the United States." (Emphases added.)

Williams v. Taylor, 529 U.S. 362, 404, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). A state-court determination is "contrary" to clearly established law in either of two ways:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

Id. at 405. Likewise, a state-court determination can be an "unreasonable application" of clearly established law in two ways:

> First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 407; see Putman v. Head, 268 F.3d 1223 (11th Cir. 2001). Whether the application is "reasonable" turns not on subjective factors, but on whether it was "objectively unreasonable." The question is not whether the state court "correctly" decided the issue, but whether its determination was "reasonable," even if incorrect.

16

The Supreme Court has explained that § 2254(d) requires that decisions by the state courts "be given the benefit of the doubt," and noted that "[r]eadiness to attribute error is inconsistent with the presumption that state courts know and follow the law." Holland v. Jackson, 542 U.S. 649, 124 S. Ct. 2736, 2739, 159 L. Ed. 2d 683 (2004). Moreover, federal courts are not permitted to substitute their own judgment for the judgment of the state court. The Eleventh Circuit Court of Appeals has noted that federal *habeas* relief is not available "simply because that court concludes in its independent judgement that the state-court decision applied [the governing legal principle] incorrectly." Ventura v. Attorney General of the State of Florida, 419 F.3d 1269, 1286 (11th Cir. 2005), quoting Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002). In Woodford, the Supreme Court stated that "[a]n unreasonable application of federal law is different than an incorrect application of federal law." 537 U.S. at 24-25. It has been noted that "[e]ven clear error, standing alone, is not a ground for awarding *habeas* relief" under the "unreasonable application" standard of § 2254(d). Stephens v. Hall, 407 F. 3d 1195, 1202 (11th Cir. 2005), citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). The Eleventh Circuit Court of Appeals has determined that AEDPA's deference to the factfindings of state courts "applies to fact findings made by both state trial courts and state appellate courts." Hannon v. Sec'y, Dep't of Corrs., 562 F.3d 1146, 1150 (11th Cir.2009).

In this case, petitioner has failed to establish that the trial court's adjudication of his ineffective-assistance claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state-court

proceeding.   The adjudication of the ineffective-assistance claims were decided on the proper Supreme Court authority of <u>Strickland v. Washington</u>.  There are no allegations that would indicate that the court made any unreasonable determination of any facts in light of the evidence presented.   Accordingly, four of the five claims relating to counsel's conduct (Claims 1(a)-(d)) have been adjudicated on the merits in the state court, and, as discussed <u>infra</u>, the decision of that court is due deference under AEDPA.

### 1. Claims relating to the jury

Petitioner claims that his attorney rendered ineffective assistance in that he failed to object that the jury was not properly sworn (Claim 1(a)), and failed to move for a mistrial on grounds that jurors were tainted by overhearing comments from spectators regarding petitioner's prior criminal history (Claim 1(b)).  Both of these claims were adjudicated on merits by the trial court after an evidentiary hearing, and both are completely unsupported by any facts.  The court cited to the record to demonstrate that the oath was administered.[6]  There is no dispute that the one juror who did overhear comments was excluded from the jury.  Petitioner's allegation that other jurors *may* have heard the comments appears to be pure speculation.  Petitioner has failed to demonstrate that the trial

---

[6]     Petitioner's claim that the jury members were not properly sworn (Claim 1(a)) is due to be dismissed for an additional reason: It does not state a claim on which a federal court may provide *habeas* relief.  Petitioner's claim simply challenges the state court's adherence to state law, and does not constitute federal constitutional claims appropriate for relief by this court.  <u>Engle v. Isaac</u>, 456 U.S. 107, 119, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).   The federal *habeas* court does not sit as a court of appeals to review any error allegedly committed by the state courts.  Federal *habeas* relief pursuant to 28 U.S.C. § 2254 is available only if the petitioner alleges and proves that his conviction contravenes federal law.  <u>Carrizales v. Wainwright</u>, 669 F.2d 1053 (11th Cir. 1983).

court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

### 2.  Claim relating to questions asked by jury

The petitioner asserts that his attorney at trial was ineffective in failing to object when the trial judge permitted jury members to ask questions of witnesses (Claim 1(c)).  This claim was raised in the Rule 32 petition and was addressed by the trial court.  The petitioner has failed to allege or to demonstrate that the court's handling of the jury questions contravened any federal statute or Supreme Court precedent or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

### 3.  Claims relating to petitioner's right to choose whether to testify

Petitioner asserts that he received ineffective assistance of counsel in that his attorney did not allow him to testify, and did not object to the court's failure to instruct the jury regarding his right not to testify (Claim 1(d)).  The trial court heard the petitioner's claim that he wanted to testify but was not allowed to, and his attorney's testimony that he advised the petitioner not to testify, even though he had a right to testify, and that the petitioner chose to accept the attorney's advice.  Under questioning, the petitioner admitted that his attorney advised him not to testify and that he thought his attorney was acting in his best interest.  The record developed at the trial court's Rule 32 hearing

does not demonstrate that the court made any unreasonable determination of any facts in light of the evidence presented. Neither has petitioner demonstrated that the trial court failed to follow any clearly established federal law with respect to his right to testify.

## C.  Claims procedurally barred in state court

Petitioner's final claim of ineffective assistance of counsel is that his attorney at trial "failed to make a timely motion to suppress the evidence." (Doc. 1, p. 14). Claim 1(e) asserts that his attorney made an oral motion to suppress belatedly, at the start of trial, and that he failed to repeat the motion at the conclusion of the State's case. This ineffectiveness claim was raised in the direct appeal by appellate counsel, and the Alabama Court of Criminal Appeals determined that the claim was "not preserved for appellate review," and did not comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure; thus was "deemed waived on appeal." The federal courts may not consider a claim set forth in a *habeas* petition when a petitioner has failed to follow the state's procedural rules for raising the claim in the state courts. The Eleventh Circuit has stated:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989), and that bar provides an adequate and independent state ground for denying relief. See id. at 262, 109 S. Ct. at 1042-43; Johnson v. Mississippi, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987, 100 L. Ed. 2d 575 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see Presnell v. Kemp, 835 F.2d 1567, 1578-79 (11th Cir. 1988), cert. denied, 488 U.S. 1050, 109 S. Ct. 882, 102 L. Ed. 2d 1004 (1989), and to "lessen the injury to a State that results through reexamination of a

20

state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." McCleskey v. Zant, ___ U.S. ___, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim previously has been presented to a state court in some form, a federal *habeas* court may refuse to hear that claim only if the last state court rendering the judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308, 317 (1989). In this case, the Alabama Court of Criminal Appeals clearly and expressly noted that the petitioner procedurally defaulted this claim by failing to properly plead it. (Doc. 9-8, Ex. D). Accordingly, it is clear from the record that the last state court to review the claim set forth herein as Claim 1(e) "clearly and expressly" stated that its judgment rested on a procedural bar, which was independent and adequate under state law. See Whiddon v. Dugger, 894 F.2d 1266 (11th Cir. 1990). Accordingly, Claim 1(e) is due to be denied.

Even if Claim 1(e) were adjudicated on the merits, it still would be due to be dismissed. The evidence developed at trial, discussed in the Alabama Court of Criminal Appeals opinion in the direct appeal, and further explored at the Rule 32 hearing, indicates that petitioner's mother invited the officers into her home, and offered to show the officers around even before being offered the consent form. The evidence further showed the police officer read the consent form to petitioner's mother, and that she signed it. Moreover, it does not appear that petitioner had standing to challenge the search: The residence searched belonged to petitioner's mother, and he did not live in that home

or have any expectation of privacy in his mother's bedroom.  The evidence indicated that he used his mother's house to stash the drugs that he was selling.

Because the evidence at trial revealed a valid consent search, there was no viable motion to suppress that could be made by trial counsel.  Absent a viable basis for seeking suppression, counsel cannot be faulted for making a late motion.  It resulted in no prejudice to petitioner.  Thus, not only was trial counsel *not* ineffective in this regard, appellate counsel was *not* ineffective for failing to preserve a meritless claim.  Both claims of ineffective assistance of trial and appellate counsel are meritless.

For all the reasons set forth above, all of the petitioner's claims of ineffective-assistance are due to be denied.

### III.  RECOMMENDATION

Based on the foregoing considerations, the magistrate judge RECOMMENDS that the petition for *habeas corpus* relief under 28 U.S.C. § 2254 be DISMISSED WITH PREJUDICE.

### IV.  NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the prisoner.

DATED this 5th day of November, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE